■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WALTER J. TARSCZOWICZ, Respondent. — Order unanimously reversed and motion denied. Memorandum: The People appeal an order of County Court suppressing certain incriminating statements made by defendant after he was arrested for driving while intoxicated but before he was given his *Miranda* warnings. Defendant was arrested in the early morning for speeding. After questioning him and noticing evidence of intoxication, the arresting officer administered several performance tests at the scene. When defendant failed the tests, the officer placed him under arrest for driving while intoxicated and told him to enter the back seat of the police vehicle. When he did so, defendant stated that he had only had three or four drinks because his wife had had a baby. The officer then asked defendant if he wanted his car left at the scene or towed away, and defendant told him to leave the car. The officer left the police vehicle and went to defendant's vehicle where he advised defendant's passenger that he would have to leave and he secured the car. The officer then returned to the patrol car and gave defendant the keys to his car. While they were proceeding to the police station, the defendant made further incriminating statements. *Miranda* warnings were not administered to defendant until he and the officer arrived at the station house about a half hour later. Defendant contends that his statements were made after he was notified of his arrest, after the arresting officer asked defendant if he had been arrested before for driving while intoxicated and after he was asked if he would take a breathalyzer test. That being so, he claims his statements which followed each question were not spontaneous but the result of improper interrogation. County Court held that statements must be suppressed because the officer was obliged to give defendant his *Miranda* warnings at the time of the arrest. The *Miranda* decision (*Miranda v Arizona,* 384 US 436) requires only that the warnings be given before custodial interrogation. Defendant's statements here were made while he was in custody but they were not the result of interrogation or the "functional equivalent" of interrogation (see *Rhode Is. v Innis,* 446 US 291, 300-301). The notification of the arrest and the officer's questions were proper incidents to making it, and defendant's incriminating admissions, given after these various statements, were not responsive answers produced by police interrogation. Since the statements were spontaneous or self-generating, they were admissible (*People v Kaye,* 25 NY2d 139; and, cf. *People v Lanahan,* 55 NY2d 711; *People v Lucas,* 53 NY2d 678). (Appeal from order of Monroe County Court, Celli, J. — suppression.) Present — Dillon, P. J., Simons, Doerr, Moule and Schnepp, JJ.