■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL DINGLE, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant, who was convicted of manslaughter in the second degree and criminal possession of a weapon in the third degree, contends that rulings by the trial court deprived him a fair trial. We disagree.

The errors alleged by defendant, whether considered singly or cumulatively, were not sufficiently egregious to deny him a fair trial. First, defendant contends that the trial court erred in admitting into evidence the results of a gun powder pattern test. This contention has no merit. Although there was no foundation for the admission of the test results to prove the exact distance between the rifle and the victim's head at the

time the fatal shot was fired *(see, People v Cohen,* 50 NY2d 908, *rearg denied* 50 NY2d 1060; *People v Fiori,* 123 App Div 174), the results were nonetheless admissible for the purpose of corroborating the testimony of defendant and an eyewitness that the rifle had been fired at close range. For this purpose, the People had adequately established that the gun powder pattern test met the two-fold test of reliability and general scientific acceptance *(see,* 57 NY Jur 2d, Evidence and Witnesses, § 432). Defendant also contends that it was error to admit into evidence photographs of the victim. We disagree. Photographs are admissible as evidence to prove a material issue, to illustrate or to elucidate other relevant evidence, or to corroborate some other evidence *(see, People v Pobliner,* 32 NY2d 356, 369, *rearg denied* 33 NY2d 657, *cert denied* 416 US 905). Here, the photographs not only establish the location where the bullet entered the victim's head, but also corroborated other evidence that the rifle was fired at close range. Defendant further contends that the court erred in refusing to inform the jury that a 1981 conviction was a misdemeanor rather than a felony. Although it would have been better had the court granted the request and informed the jury, we find the error to be harmless in light of the overwhelming evidence of defendant's guilt. Finally, defendant contends that the court erred in excluding testimony that an eyewitness had been drinking prior to the shooting. It is well settled that an attack upon a witness's credibility based upon defective capacity is not within the rule that binds the cross-examining party by the answer of the witness *(see, People v Webster,* 139 NY 73, 87; Richardson, Evidence § 507 [Prince 10th ed]). Thus, it was error for the court to exclude such evidence. However, the error is harmless in light of the overwhelming evidence of defendant's guilt *(People v Crimmins,* 36 NY2d 230).

We have examined defendant's other contentions and find them to be without merit. (Appeal from Judgment of Oneida County Court, Buckley, J.—Manslaughter, 2nd Degree.) Present—Dillon, P. J., Boomer, Pine and Lowery, JJ.