■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES MAYS, Appellant. [623 NYS2d 581] —Judgment, Supreme Court, New York County (Bonnie Wittner, J.), rendered April 28, 1993, convicting defendant, after jury trial, of grand larceny in the fourth degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

The trial court properly limited cross-examination of the arresting officer regarding an alleged inconsistency between his Grand Jury testimony and his trial testimony, as there was no showing of a material inconsistency *(see, People v Wise,* 46 NY2d 321, 326). Whether defendant in fact opened the pocketbook in question, or discovered that the pocketbook was already open, is immaterial to the issue before the jury of whether defendant unlawfully took property from the person of another (Penal Law § 155.30 [5]).

The prosecutor's summation comments regarding credibility constituted appropriate response to the defense summation *(People v Marks,* 6 NY2d 67, *cert denied* 362 US 912) and fair comment on the evidence *(People v Galloway,* 54 NY2d 396).

Defendant's right to a fair trial was not impaired by a court

officer's communication to the jury regarding the form of a jury note, as the officer did not deliver any instructions to the jury concerning the mode or subject of their deliberations, but merely performed an administerial duty which did not require the presence of the court or defendant *(see, People v Bonaparte,* 78 NY2d 26, 30-31). Concur—Ellerin, J. P., Rubin, Ross, Nardelli and Tom, JJ.