■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL FERRARA, Appellant. [656 NYS2d 938] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Cacciabaudo, J.), rendered October 30, 1995, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of robbery in the second degree beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]). In addition, contrary to the defendant's contention, the lineups were not unduly suggestive (see, People v Chipp, 75 NY2d 327, cert denied 498 US 833; People v Baptiste, 201 AD2d 659; People v Miller, 199 AD2d 422).

However, the defendant's conviction must be reversed because he was deprived of effective assistance of counsel by trial counsel's failure to move to have his case tried separately from his codefendant's case on a second, unrelated robbery. Contrary to the People's contention, this substantial error compromised the defendant's right to a fair trial (see, People v Meralla, 228 AD2d 160; cf., People v Flores, 84 NY2d 184; People v Hobot, 84 NY2d 1021).

Additionally, the Supreme Court erred in summarily denying the defendant's motion pursuant to CPL 330.30 to set aside the verdict on the ground of newly discovered evidence. The motion papers set forth noncumulative evidence that was material to the issue of guilt or innocence, that could not have been produced by the defendant at the trial even with due diligence, and that was of such character as to create a probability of acquittal (see, CPL 330.30 [3]). Further, the papers contain sworn allegations of all essential facts necessary to support the motion (see, CPL 330.40 [2] [d], [e]). Thus, the motion papers were legally and factually sufficient to warrant a hearing (see, People v Nicholson, 222 AD2d 1055; People v Beach, 186 AD2d

935; *People v. Stokes,* 83 AD2d 968). However, because we are ordering a new trial during which the defendant will have an opportunity to present this new evidence, there is no need to remit this matter for a hearing.

The defendant's remaining contentions are without merit. Sullivan, J. P., Pizzuto, Santucci and Joy, JJ., concur.