■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN CARRIER, Appellant. [706 NYS2d 276] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that he was entitled, as a matter of law, to inspect the investigative "packet" that a police investigator reviewed before testifying at the suppression hearing. It is well-settled that an adverse party has the right to inspect any writing or object used to refresh the recollection of a witness in court while that witness is testifying (*see,* Prince, Richardson on Evidence § 6-215 [Farrell 11th ed]). Pretrial preparation, however, frequently involves the review of many documents by a witness regardless of a need to refresh recollection. A court in its discretion may limit the inspection of such materials to prevent a defendant from embarking on a "roving tour" through the prosecutor's files (*People v Gissendanner,* 48 NY2d 543, 551; *see, People v Poole,* 48 NY2d 144, 149; *cf., Crawford v Lahiri,*

250 AD2d 722, 723; *Chabica v Schneider,* 213 AD2d 579, 581). Here, County Court did not abuse its discretion in limiting inspection of the investigative "packet" to those materials relating to the investigator's testimony.

The court properly denied defendant's suppression motion. The investigator called defendant and asked him if they could meet to discuss the investigation. Defendant responded that he would discuss the matter with his attorney first and would then contact the investigator. When he did not hear from defendant for over a week, the investigator stopped by defendant's residence. Defendant apologized for not returning the call and then showed the investigator a document. We conclude that defendant was not in custody on the two occasions when he spoke with the investigator and that he never made an unequivocal request for an attorney. His comment that he was going to speak with a lawyer "was not an assertion of a desire not to respond to questions without counsel and 'at most manifested a desire to consult with an attorney' " (*People v Hayes,* 127 AD2d 608, *lv denied* 70 NY2d 704, quoting *People v Johnson,* 55 NY2d 931, *revg on dissenting opn of Callahan, J.,* 79 AD2d 201, 203-204; *see, People v Fox,* 120 AD2d 949, *lv denied* 68 NY2d 812). Defendant contends that his right to counsel attached indelibly because he had actually retained a lawyer (*see, People v West,* 81 NY2d 370, 373-374; *People v Davis,* 75 NY2d 517, 521). There was no indication, however, that defendant had actually retained a lawyer to represent him on this matter. In any event, the document was admissible because defendant gave it to the police spontaneously and voluntarily, without interrogation by the investigator (*see, People v Kaye,* 25 NY2d 139, 142-144; *People v Tarsczowicz,* 88 AD2d 772).

The court properly limited the cross-examination of the complainant. Witnesses "may be interrogated upon cross-examination with respect to any immoral, vicious or criminal acts which may affect [their] character and show [them] to be unworthy of belief, provided the cross-examiner questions [them] in good faith and upon a reasonable basis in fact" (*People v Jones,* 193 AD2d 696, 697; *see, People v Crawford,* 256 AD2d 141, 142; *People v Hasenflue,* 252 AD2d 829, 831, *lv denied* 92 NY2d 982). The court did not abuse its discretion in denying defendant's request to cross-examine the complainant concerning his prior bad acts because the questions lacked a reasonable basis in fact (*see, People v Crawford, supra,* at 143; *People v Steele,* 168 AD2d 937, 938, *lv denied* 77 NY2d 967). The court also properly excluded extrinsic evidence concerning the

complainant's ability to recall events. A defect that substantially affects the witness's testimonial capacity may be shown by cross-examination or extrinsic evidence to affect the credibility of the witness (*see, People v Dingle,* 170 AD2d 1009, 1010, *lv denied* 78 NY2d 921; Prince, Richardson on Evidence, *op. cit.,* § 6-418, at 425). The court did not abuse its discretion in excluding the extrinsic evidence because defense counsel thoroughly cross-examined the complainant concerning his memory impairment (*see, People v Alexander,* 204 AD2d 996, *lv denied* 84 NY2d 822).

We reject defendant's contention that a court attendant had improper contact with a member of the jury. The court attendant "did not deliver any instructions to the jury concerning the mode or subject of their deliberations, but merely performed an administerial duty which did not require the presence of the court or defendant" (*People v Mays,* 213 AD2d 203, 204, *lv denied* 86 NY2d 798, citing *People v Bonaparte,* 78 NY2d 26, 30-31; *see, People v Henderson,* 244 AD2d 889, 889-890, *lv denied* 91 NY2d 926).

The court properly denied defendant's motion to set aside the verdict based on newly discovered evidence (*see,* CPL 330.30 [3]). Defendant did not establish that the evidence could not have been discovered before trial by the exercise of due diligence and would probably change the result if a new trial were granted (*see, People v Wallace,* 218 AD2d 718, *lv denied* 87 NY2d 852; *People v Rodriguez,* 193 AD2d 363, 365-366, *lv denied* 81 NY2d 1079; *People v Burnette,* 117 AD2d 987, 988).

We have reviewed defendant's remaining contention and conclude that it is both unpreserved for our review (*see,* CPL 470.05 [2]) and without merit. (Appeal from Judgment of Ontario County Court, Henry, Jr., J.—Grand Larceny, 3rd Degree.) Present—Green, A. P. J., Hayes, Wisner and Balio, JJ.