THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MCCULLOUGH, Appellant. [713 NYS2d 600] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of three counts of burglary in the first degree (Penal Law § 140.30 [1], [2]), two counts of assault in

the second degree (Penal Law § 120.05 [2]) and other crimes, defendant contends that the testimony of the sole identification witness was the product of misconduct by the prosecutor or his investigator, and that the testimony of a proffered second identification witness constituted newly discovered evidence, warranting reversal of the judgment of conviction and a new trial.

There is no basis on this record for concluding that the prosecutor or his investigator was guilty of misconduct in procuring the testimony of the sole identification witness. Further, Supreme Court properly denied defendant's motion to set aside the verdict on the ground of newly discovered evidence. Pursuant to CPL 330.30 (3), the court may set aside the verdict on the ground that "new evidence has been discovered since the trial which could not have been produced by the defendant at the trial even with due diligence on his part and which is of such character as to create a probability that had such evidence been received at the trial the verdict would have been more favorable to the defendant." In order to be considered newly discovered and to justify interference with the verdict, the evidence must be material, noncumulative, and not merely impeaching or contradictory of other evidence (*see, People v Salemi,* 309 NY 208, 215-216, *cert denied* 350 US 950; *People v Ferrara,* 238 AD2d 353; *People v Nicholson,* 222 AD2d 1055, 1056-1057). Here, there is no showing by defendant that the evidence could not have been discovered before or during trial and produced at trial in the exercise of due diligence by the defense (*see, People v Carrier,* 270 AD2d 800; *People v Fisher,* 266 AD2d 308, 309, *lv denied* 94 NY2d 880; *People v Rodriguez,* 193 AD2d 363, 366, *lv denied* 81 NY2d 1079). Further, the proffered testimony of the second identification witness would be cumulative to the testimony of the first witness (*see, People v Rivera,* 256 AD2d 1098, 1100, *lv denied* 93 NY2d 977). One of the two irreconcilable versions told by the first witness was that she knew the intruder and that the intruder was not defendant. The new evidence thus would do nothing more than bolster evidence already submitted to and discredited by the jury (*see, People v Copeland,* 185 AD2d 280, 282, *lv dismissed* 80 NY2d 902). Further, the evidence was not "of such character as to create a probability that had such evidence been received at the trial the verdict would have been more favorable to the defendant" (CPL 330.30 [3]; *see, People v Carrier, supra; People v Lane,* 212 AD2d 637, 638, *lv denied* 85 NY2d 975). The testimony of the second witness was not credible when considered in light of the circumstances surrounding the recantation of the first witness, and, moreover, when considered

in light of the overwhelming circumstantial evidence against defendant. (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Burglary, 1st Degree.) Present—Green, J. P., Pine, Hayes, Hurlbutt and Kehoe, JJ.