■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AZELL PITTMAN, JR., Appellant.—Order unanimously reversed and case remitted to County Court, Monroe County, for a hearing. Memorandum: Petitioner asserts that he was denied his constitutional right to representation by counsel of his choice on his trial for the crimes of robbery, second degree

and grand larceny, third degree, and that he was deprived of effective representation by counsel. He makes factual allegations in support of such claims, demonstrating his good faith. Authority for the use of a motion under CPL 440.10 as a means of securing the vacating of his judgment of conviction is found in *People v Silverman* (3 NY2d 200) wherein the court stated: "Although the fundamental precept of *coram nobis* is that it may not be employed to raise errors appearing on the face of the record, there is an exception to this basic rule. Judicial interference with the right to counsel guaranteed to defendant by law may warrant the extraordinary remedy of *coram nobis*, even though the error appears on the face of the record". It was further held in *Silverman* (p 203), that "When the record, as here, does not establish that 'there is no reasonable probability at all that defendant's averments are true' *(People v Guariglia*, 303 NY 338, 343), the defendant is entitled to a hearing *(People v Richetti*, 302 NY 290)." Following a hearing the court can then properly determine whether petitioner's application for an adjournment to get new counsel was made in good faith and whether counsel's conduct was in violation of the standards set forth in *People v Brown* (7 NY2d 359) and *People v Tomaselli* (7 NY2d 350). (Appeal from order of Monroe County Court denying motion under CPL 440.10 to vacate judgment of conviction for robbery, second degree and other charges.) Present—Marsh, P. J., Simons, Mahoney, Goldman and Del Vecchio, JJ.