THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
ROBERT W. AUSSERAU, Appellant.

Fourth Department, October 30, 1980

*Edward J. Nowak, Public Defender (Brian Shiffrin* of counsel), for appellant.

*Lawrence T. Kurlander, District Attorney (Melvin Bressler* of counsel), for respondent.

## OPINION OF THE COURT

SCHNEPP, J.

On this appeal appellant contends that he was improperly denied a hearing on his postjudgment motion (CPL 440.10, subd 1, pars. [g], [h]) to vacate his judgment of conviction of assault in the first degree.

On November 17, 1976 Nick Nichols was shot while in the parking lot in the rear of his grocery store on Monroe Avenue, Rochester, New York. At trial appellant's statement admitting the shooting was introduced into evidence. Nichols also positively identified appellant as the assailant. Before trial the Assistant District Attorney informed defense counsel that during an interview with Lieutenant John Kennerson of the Monroe County Sheriff's Department, on December 31, 1976, a John Grossman admitted shooting a grocer on Monroe Avenue at about the same time that Nichols was shot. At the trial Grossman was called as a defense witness but he invoked his right against self incrimination and declined to testify. Detective Kennerson was then called as a defense witness and he testified, without objection, that on December 31, 1976 he was told by Grossman, during an interrogation about several crimes which had been committed in Monroe County, that a couple of months earlier Grossman had robbed a grocery store on Monroe Avenue and that during the robbery he shot the grocer who was standing behind a counter in the store. To rebut the inference that Grossman and not appellant was the assailant, the People recalled Nichols who testified that he was shot by appellant and not by Grossman, whom he knew.

On this motion appellant claims that Grossman made a *second* statement to the police admitting his involvement in a

Monroe Avenue shooting which occurred *behind* the victim's grocery store, not inside as Detective Kennerson had testified. In support of this claim appellant relies on his trial counsel's affidavit which states that he was told by Grossman's attorney after the trial that Grossman gave a statement to Chief of Detectives William Mahoney, Detective Kennerson and Assistant District Attorney Henry Jesserer on January 18, 1977 to the effect that Grossman was the driver of a getaway car when an unnamed companion shot Nichols behind his store. In further support of appellant's claim, he submits an affidavit from Jesserer in which he admits his presence during Grossman's interrogation when Grossman mentioned "a shooting of a grocer in a parking lot behind his grocery store on Monroe Avenue". Jesserer also states that the newspaper accounts of the Nichols shooting were "the same" as the account given by Grossman as to his shooting incident. Appellant claims that this discovery demonstrates that the People failed to provide him with all exculpatory material as required by *Brady v Maryland* (373 US 83). Initially the People claimed that Grossman's only statement was made on December 31, 1976 and that defense counsel was fully informed of the substance of the statement. Later the People, still claiming that only one statement was made, conceded that the statement was made on January 18, 1977 and not December 31, 1976. The People, however, now concede that there were in fact two statements made by Grossman. A stenographic transcript of the interview on January 18, 1977 was provided to the court which shows that Grossman admitted to several crimes including "a robbery on Monroe Avenue." However, this reference to the Monroe Avenue robbery was immediately followed by an off-the-record discussion and the incident was not mentioned again on the record.

In denying defendant's application without a hearing, the trial court ruled that the claimed newly discovered evidence, i.e., Grossman's admitted involvement in a shooting behind a grocery store on Monroe Avenue, would be inadmissible hearsay at a new trial because it was not adverse to Grossman's penal interest when made and therefore did not meet the standards set forth in *People v Settles* (46 NY2d 154), and that appellant had made no showing that any alleged newly discovered evidence or *Brady* material would be admissible at a new trial.

CPL 440.30 (subd 5) provides that the court "must conduct a

hearing and make findings of fact" on the postjudgment motion, unless it can be summarily denied based on "uncontradicted allegations" in the papers (CPL 440.30, subd 2), or because the moving papers do not allege "any ground constituting legal basis for the motion" or because the supporting papers are defective for failure to contain "sworn allegations * * * tending to substantiate" the facts (CPL 440.30, subd 4, pars [a], [b]).

The Court of Appeals in *People v Crimmins* (38 NY2d 407, 416) makes it clear that "a hearing should be held to promote justice if the issues raised by the motion are sufficiently unusual and suggest searching investigation [citations omitted]". (See *People v Picciotti,* 4 NY2d 340, 344-345.) "[O]nce the submission of evidentiary facts creates an issue as to the validity of the judgment, the defendant is entitled to a hearing to determine the truth of his allegations, unless his claim has been conclusively refuted by documentary evidence [citation omitted]." *(People v Session,* 34 NY2d 254, 256; see, also, *People v Pittman,* 50 AD2d 721, 722.)

Appellant should be permitted to develop exactly what Grossman said on January 18, 1977 during the off-the-record discussion of the "Monroe Avenue robbery". Only then can the court determine whether or not newly discovered evidence exists and whether or not a proper disclosure of exculpatory material was made to appellant. This court cannot determine from this record if the People violated any duty under *Brady* by failing to disclose this statement to the appellant prior to the trial or by knowingly permitting Kennerson to testify falsely as to his conversation with Grossman *(Giglio v United States,* 405 US 150; *People v Cwikla,* 46 NY2d 434, 442; *People v Savvides,* 1 NY2d 554, 557).

The record is clear that some interrogation of Grossman took place on January 18, 1977 which for an undisclosed reason was conducted off the record. Appellant's claim has not been "conclusively" refuted by the papers in this case and the bizzare facts surrounding the claim require a "searching investigation" *(People v Crimmins,* 38 NY2d 407, 416, *supra).*

The trial court's reliance upon a hearsay consideration is premature at this stage of the proceedings. The hearsay question was evidently overlooked at the trial when Detective Kennerson was permitted to testify fully about statements made to him by Grossman. In any event, the hearsay concern may become irrelevant because it is not certain that Gross-

man, given the proper assurances of immunity, will not testify at a second trial. Further, only one of the alleged six witnesses to Grossman's interrogation submitted an affidavit as to his recollection of the conversation and certainly some of these witnesses should be available to testify at a hearing. The court could then more appropriately rule on the prospective issue of Grossman's hearsay evidence.

■ Simply because a hearing is required to resolve appellant's motion does not mean that appellant will automatically prevail on the merits. Even if it develops that Grossman said something on January 18, 1977 which is arguably exculpatory, appellant still has the heavy burden of demonstrating that the substance of the information was not disclosed to his attorney by the prosecutor and that the failure to disclose is so significant as to require a new trial. "[I]f the omitted evidence creates a reasonable doubt that did not otherwise exist, constitutional error has been committed * * * If there is no reasonable doubt about guilt whether or not the additional evidence is considered, there is no justification for a new trial." *(United States v Agurs,* 427 US 97, 112-113.)

■ ■ Accordingly, a hearing must be held to determine exactly what Grossman said on January 18, 1977 in the presence of the police and an Assistant District Attorney about his involvement in or knowledge of the "robbery on Monroe Avenue". Also relevant is an inquiry as to what information concerning Grossman's statement was supplied to defense counsel. The prosecutor's office is, of course, considered one entity and information possessed by one member of that office is chargeable to the entire office *(People v Simmons,* 36 NY2d 126, 132).

The order should be reversed and the matter remitted for further proceedings.

DILLON, P. J., HANCOCK, JR., DOERR and MOULE, JJ., concur.

Order unanimously reversed, and matter remitted to Supreme Court, Monroe County, for further proceedings in accordance with opinion by SCHNEPP, J.