■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND M. PORTER, Appellant. — Appeals (1) from a judgment of the County Court of Albany County (Clyne, J.), rendered October 3, 1980, upon a verdict convicting defendant of the crime of rape in the first degree, and (2) by permission, from an order of said court, entered March 15, 1982, which denied a motion to vacate the judgment of conviction following a hearing. At issue is whether a rape conviction should be nullified because the prosecution inadvertently neglected to disclose that the victim had been questioned by the State Police while under hypnosis. After examining the record in its entirety, we conclude that reversal would be inappropriate and accordingly affirm the conviction and the order denying the motion to vacate. The victim, a 14 year old, testified at trial that at approximately 8:00 P.M. on the evening of December 18, 1979, while walking along the main street of the Village of Altamont, she was abducted by defendant. After taping her eyes shut and her wrists together, he took her to his home where he raped and allegedly sodomized her, releasing her some three and a half hours later. The victim also stated that defendant had struck her with a belt and his fist when she resisted. Before allowing the girl to depart, defendant asked for and received her telephone number. He apparently called the girl's residence the next day at which point the police installed a tracing device on the phone. On December 21, defendant phoned again; this time he was induced to continue talking until the call was traced to a nearby factory where he was apprehended while still on the telephone. Following his arrest defendant provided the police with a full confession corroborating the victim's testimony in every essential detail. Medical evidence also confirmed the victim's ordeal. Defendant did not testify or offer any exculpatory proof. The new evidence which gave rise to the vacatur motion was discovered by defense counsel after sentencing. A hearing on defendant's motion revealed that on December 21, 1979, during a time when the victim had been placed in a hypnotic trance for about 20 minutes to facilitate detailed recall of the interior of defendant's home, the State Police interviewed her. This information was sought to enable the authorities to procure a search warrant. A warrant proved unnecessary, however, for defendant was arrested just moments after the hypnosis session ended; the arrest was a result of the traced telephone call. No record of the hypnotic interview was preserved save for the notes taken by a State Police investigator and they indicate that the questioning was directed at uncovering details about defendant's home; neither the identification of defendant nor the details of the abduction and rape were discussed while the victim was in the hypnotic state. Defendant contends that the fact the victim

had undergone hypnosis would have been a highly relevant subject of inquiry which his counsel could have pursued to place the girl's testimony in an entirely different light. While such a strategy might have been advantageous to defendant, we cannot say that use of the newly discovered evidence would create a probability that the verdict returned would be different (CPL 440.10, subd 1, par [g]; see *People v Powell,* 83 AD2d 719). The proof of guilt here, consisting of the victim's detailed account of the rape, a flawlessly obtained written confession, the traced telephone call and telling medical proof, is overpowering. Under no reasonable view of this record can it be said that the hypnotic interview was exculpatory or would alter the jury's decision. Furthermore, as the trial court aptly noted, use of the fact that hypnosis had occurred to impeach the victim would have opened the door for the prosecution to show that on the day after the rape the victim provided the police with an uncommonly accurate description of defendant which resulted in a remarkably identifiable composite sketch. The overwhelming proof of guilt and nonexculpatory nature of the evidence also lead us to reject defendant's constitutional claim promised upon *Brady v Maryland* (373 US 83) (CPL 440.10, subd 1, par [h]). Constitutional error exists only if the omitted evidence creates a reasonable doubt concerning defendant's guilt (*United States v Agurs,* 427 US 97; *People v Ausserau,* 77 AD2d 152, 156; see *People v Jones,* 44 NY2d 76, 79). Absence of such doubt renders the evidence immaterial for *Brady* purposes; therefore the denial of the vacatur motion was proper (see *People v Mosher,* 81 AD2d 684). We have considered defendant's remaining arguments and find them unconvincing. Judgment and order affirmed. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.