■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD TURNER, JR., Appellant. — Kane, J. P. Appeal, by permission, from an order of the County Court of Rensselaer County (Dwyer, Jr., J.), entered December 19, 1983, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of rape in the first degree, without a hearing.

On April 16, 1982, defendant was convicted upon a jury verdict of rape in the first degree and was sentenced to an indeterminate prison term of 4 to 12 years. This court affirmed the judgment (*People v Turner,* 99 AD2d 615). Having performed an investigation of the case, defendant's new attorney filed a motion to vacate the judgment of conviction pursuant to CPL 440.10. Defendant's motion was grounded on newly discovered evidence tending to show that he had been framed for the rape conviction, and upon inadequate assistance of counsel by reason of his trial attorney's failure to perform a minimal investigation.

Shortly thereafter, defendant filed a motion to have Judge M. Andrew Dwyer, Jr., the Trial Term Judge, recuse himself and transfer the case to Judge James J. Battisti, Jr., the original Trial Judge. Defendant also filed a motion for an order authorizing him to engage the services of an investigator and an expert witness, at the County's expense, in order to prepare for his motion to vacate. By order dated June 16, 1983, Trial Term denied these latter two motions, whereupon defendant commenced a CPLR article 78 proceeding for a judgment in the nature of mandamus. By order entered August 1, 1983, this court dismissed the petition, holding that the proceeding did not lie. A further appeal to the Court of Appeals was dismissed by that court, *sua sponte,* for lack of a substantial constitutional question, and defendant's motion for leave to appeal to the Court of Appeals was denied on March 29, 1984. No further action was taken by defendant with respect to Trial Term's order dated June 16, 1983.

Defendant's motion to vacate the judgment of conviction was denied by order dated December 19, 1983. This court granted defendant's motion for leave to appeal to specifically address "an order of the County Court * * * dated December 19, 1983, which denied defendant's motion to vacate a judgment of conviction".

Defendant argues that his moving papers, which included his sworn allegations supported by sworn statements of various

witnesses, were sufficient to constitute "new evidence" under CPL 440.10 (1) (g) and sufficient to prevent County Court from denying his motion without at least conducting a hearing.

We agree. In *People v Crimmins* (38 NY2d 407, 416), the Court of Appeals instructed that, with respect to CPL article 440 applications based upon newly discovered evidence, "a hearing should be held to promote justice if the issues raised by the motion are sufficiently unusual and suggest searching investigation" (*see also, People v Ausserau,* 77 AD2d 152). A review of the record in light of the above instruction leads us to the conclusion that a hearing must be held. Moreover, due to the interrelationship of the above assertion with defendant's contention of ineffective counsel, we find that the hearing should encompass issues concerning ineffective assistance of counsel also.

We note, however, that simply because a hearing is required to resolve defendant's motion does not mean that defendant will automatically prevail upon the merits (*see, People v Scarincio,* 109 AD2d 928; *People v Ausserau, supra,* p 156).

Assuming, arguendo, that it was brought up on appeal, we reject defendant's contention that Judge Dwyer must recuse himself (*see,* CPL 440.10 [1]). And, on the present record, defendant's remaining contentions concerning the June 16, 1983 order are without merit.

The order should be reversed and the matter remitted for further proceedings.

Order reversed, on the law, and matter remitted to the County Court of Rensselaer County for further proceedings not inconsistent herewith. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.