■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH MILLER, Appellant.—Kane, J. P. Appeal, by permission, from an order of the County Court of Albany County (Turner, Jr., J.), entered September 25, 1987, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of murder in the second degree, without a hearing.

In 1983 defendant was convicted of the crime of murder in the second degree for his involvement in the arson of a home which resulted in the death of an infant. Upon appeal, this court affirmed the conviction (108 AD2d 1053) and leave to appeal was denied by the Court of Appeals (65 NY2d 697). Thereafter, defendant made this CPL 440.10 motion to vacate his conviction on the grounds of newly discovered evidence and that he was denied effective assistance of counsel at his trial. County Court denied defendant's motion without a hearing and this appeal ensued.

We turn first to defendant's assertion that certain evidence discovered after trial warranted a vacatur of his conviction. He bases this claim on the testimony of an expert at a codefendant's trial concerning the cause of the fire which contradicted the prosecution's theory. However, even were we to accept defendant's argument that this testimony could not have been discovered prior to trial, it was nevertheless not of such a nature that had it been received at trial the result would have been different (see, CPL 440.10 [1] [g]; People v Crandall, 51 AD2d 841, 843). Defendant had signed a written confession to the crime and, as we noted in his direct appeal, "the evidence of defendant's guilt was * * * overwhelming" (108 AD2d 1053, 1054, supra). Additionally, the proffered testimony also only impeached former evidence (see, People v Crandall, supra, at 843). At defendant's trial, the People offered expert testimony contrary to the version now sought to

be admitted by defendant. Therefore, County Court properly denied defendant's motion with respect to his claim of newly discovered evidence.

We reach a different conclusion, however, with respect to defendant's claim of ineffective assistance of counsel. Although County Court properly rejected the majority of defendant's contentions with respect to this claim, we are of the view that the allegations concerning trial counsel's inadequacy in inquiring into defendant's prior psychiatric history, and in not obtaining medical records in this respect, required a hearing.

In this case, counsel was given the opportunity to present psychiatric evidence and to subpoena the necessary medical records at trial. He did not do so. County Court also requested that a physician examine defendant and this was also not done. On direct appeal, we held that because of these failures, County Court did not abuse its discretion in denying defendant's application to extend the time to serve and file a notice of intent to proffer psychiatric evidence (108 AD2d 1053, 1056, *supra*). We did not deal with the question of whether lack of such evidence was due to the ineffective assistance of counsel. The question of whether this evidence should have been timely presented is, in our view, not just a question of "mere losing tactics" *(People v Baldi,* 54 NY2d 137, 146). Under the circumstances, defendant's allegations of ineffective assistance with respect to psychiatric evidence were sufficient to warrant a hearing to determine their validity *(see,* CPL 440.30 [5]; *People v Turner,* 111 AD2d 423, 424; *People v Welch,* 108 AD2d 1020, 1021). Nevertheless, we do note that although we have determined that a hearing is necessary, that does not mean defendant will prevail on the merits *(see, People v Turner, supra,* at 424).

Finally, with respect to defendant's remaining arguments of ineffective assistance, we agree with County Court's assessment that they were lacking in merit. Even if they constituted errors by counsel, defendant was still accorded "meaningful representation" *(People v Baldi, supra,* at 147; *see, People v Reddy,* 108 AD2d 945, 948).

Order modified, on the law, by reversing so much thereof as denied defendant's application without a hearing with respect to his claim of ineffective assistance of counsel regarding the failure to obtain psychiatric information; matter remitted to the County Court of Albany County for further proceedings not inconsistent with this court's decision; and, as so modified, affirmed. Kane, J. P., Weiss, Mikoll, Levine and Mercure, JJ., concur.