■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY NICHOLSON, Appellant. [635 NYS2d 869] —Case held, decision reserved and matter remitted to Monroe County Court

for further proceedings in accordance with the following Memorandum: On appeal from a judgment of conviction of murder in the second degree, defendant contends, *inter alia,* that County Court erred in summarily denying a motion pursuant to CPL 330.30 (3) to set aside the verdict on the ground of newly discovered evidence, namely, a post-verdict confession by Darnell Phelps. Because we conclude that the motion papers are sufficient to withstand summary dismissal, we hold the case, reserve decision and remit the matter for a hearing pursuant to CPL 330.40 (2) (f).

At defendant's trial for the shooting death of Richard Smith, the People established that the victim was shot eight times with a .22 caliber handgun. The sole eyewitness, Toy Reed, the victim's girlfriend, testified that defendant shot the victim repeatedly as the victim ran away. The autopsy evidence tended to show, however, that most of the shots entered the victim from the front. Additionally, Reed's testimony was contradicted on salient points by Reed's prior statements and by the testimony of other witnesses. The People presented no evidence of motive.

After the jury found defendant guilty of second degree murder, defense counsel met with Phelps, the former boyfriend of Reed and the father of her child. Phelps earlier had admitted being at the scene but denied seeing the shooting. After the verdict, Phelps admitted shooting the victim during an argument over a hat that Phelps had given Reed but that Reed had given to the victim, her new boyfriend. Phelps stated that he believed that the victim was reaching for a gun, so he pulled his gun and repeatedly shot the victim as the victim continued toward him. According to Phelps, Reed falsely implicated defendant in the shooting to protect Phelps because Phelps is the father of Reed's child.

Phelps refused to execute an affidavit and later could not be located. Defendant subsequently moved pursuant to CPL 330.30 to set aside the verdict on the ground of newly discovered evidence. In an affidavit, defense counsel related Phelps' statement and the attendant circumstances. The People opposed the motion, which the court denied without a hearing.

We conclude that the motion papers were legally and factually sufficient to warrant a hearing. They make out a proper ground for the motion by setting forth non-cumulative evidence that is material to the issue of guilt or innocence, that was discovered by defendant after the trial, that could not have been produced by defendant at the trial even with due

diligence, and that is of such character as to create a probability of acquittal *(see,* CPL 330.30 [3]; *People v Salemi,* 309 NY 208, 215-216, *cert denied* 350 US 950; *People v Burnette,* 117 AD2d 987, 988; *People v Stokes,* 83 AD2d 968, 969, citing *People v Shilitano,* 218 NY 161, 170-171). Further, we conclude that the motion papers, which are based on information and belief *(see,* CPL 330.40 [2] [a]), contain sworn allegations of all essential facts necessary to support the motion *(see,* CPL 330.40 [2] [d], [e]). Because Phelps refused to execute an affidavit, it was sufficient for defense counsel to set forth Phelps' detailed confession. As the Court of Appeals stated in an analogous situation, "[A] hearing should be held to promote justice if the issues raised by the motion are sufficiently unusual and suggest searching investigation" *(People v Crimmins,* 38 NY2d 407, 416; *see also, People v Ausserau,* 77 AD2d 152, 155). We conclude that the People's hearsay objection, in which the People contend that defendant has failed to make out all the elements of a declaration against penal interest *(see generally, People v Brensic,* 70 NY2d 9, 15), is premature *(see, People v Ausserau, supra,* at 155-156). Defendant is granted a hearing, therefore, at which he may produce Phelps to testify, otherwise establish the truth of Phelps' confession, or, if necessary, establish the foundation for admission of Phelps' confession as a declaration against penal interest *(cf., People v Pejcinovic,* 174 AD2d 461, 465-466; *People v Ausserau, supra; see generally, People v Stokes, supra).* (Appeal from Judgment of Monroe County Court, Maloy, J.—Murder, 2nd Degree.) Present—Denman, P. J., Green, Fallon, Doerr and Boehm, JJ.