■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW KRIVAK, Appellant. [696 NYS2d 480] —Appeal by the defendant from a judgment of the County Court, Putnam County (Braatz, J.), rendered June 11, 1997, convicting him of murder in the second degree and rape in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by the defendant to law enforcement authorities.

Ordered that the judgment is affirmed.

The defendant's challenge to the hearing court's denial of that branch of his omnibus motion which was to suppress the statements he made to the police on the ground that the police improperly isolated him from his father during custodial questioning is unpreserved for appellate review since the contention he raises on appeal was not raised before the hearing court (*see,* CPL 470.05 [2]; *People v Jackson,* 241 AD2d 526, *cert denied* 523 US 1061; *People v Howard,* 162 AD2d 408). In any event, the motion was properly denied since the defendant was a competent adult when he made the statements and waived his right to counsel on three separate occasions (*see, People v Crimmins,* 64 NY2d 1072, 1073; *cf., People v Bevilacqua,* 45 NY2d 508, 512-513; *People v Townsend,* 33 NY2d 37).

The defendant also claims that the verdict was against the weight of the evidence because the jury failed to duly credit the witnesses who allegedly saw the victim alive after the date that he killed the victim. We disagree. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact (*see, People v Gaimari,* 176 NY 84, 94). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80). S. Miller, J. P., Santucci, Sullivan and Florio, JJ., concur.