# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**12**

**KA 08-02049**

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, GREEN, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                  V                          MEMORANDUM AND ORDER

SHAWN M. CAMPBELL, DEFENDANT-APPELLANT.

---

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL), FOR DEFENDANT-APPELLANT.

JOHN C. TUNNEY, DISTRICT ATTORNEY, BATH, FOR RESPONDENT.

---

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Steuben County Court (Joseph W. Latham, J.), entered July 1, 2008. The order denied the motion of defendant to vacate his judgment of conviction pursuant to CPL 440.10.

It is hereby ORDERED that the case is held, the decision is reserved, and the matter is remitted to Steuben County Court for further proceedings in accordance with the following Memorandum: Defendant appeals from an order summarily denying his motion pursuant to CPL 440.10 seeking to vacate the judgment convicting him upon his plea of guilty on the seventh day of the trial of, inter alia, two counts of murder in the second degree (Penal Law § 125.25 [1], [3]). Defendant contends that he was denied effective assistance of counsel based, inter alia, upon the failure of his trial counsel to inform him of potentially exculpatory evidence, i.e., that before the murder an inmate at a state prison had advised the District Attorney that he had information concerning a plot to murder the victim that implicated persons other than defendant. According to defendant's affidavit submitted in support of the CPL 440.10 motion, which in turn is supported by the correspondence between the inmate and the District Attorney, defendant would not have pleaded guilty if he had been aware of that evidence. We agree with defendant that County Court erred in denying his motion without conducting a hearing.

It is undisputed that defendant's trial counsel had obtained an "open file" discovery arrangement with the District Attorney and that the correspondence was included in the file. Despite the fact that counsel representing defendant on the CPL 440.10 motion asked defendant's trial counsel to provide an affidavit setting forth what he knew and what he had advised defendant about the information in that correspondence, trial counsel failed to provide the affidavit. We thus conclude that the court erred in failing to conduct a hearing

inasmuch as defendant raised an issue of fact whether defendant's trial counsel was aware of the potentially exculpatory evidence and whether he advised defendant about that evidence (*cf. People v Waymon*, 65 AD3d 708, 709, *lv denied* 13 NY3d 857, 863).  We further conclude that defendant's assertion of ineffective assistance of counsel has not been "conclusively refuted by documentary evidence" (*People v Session*, 34 NY2d 254, 256), although we note that an appendix to the People's brief and portions of the brief were stricken by order of this Court entered December 2, 2010 because they addressed matters outside the record.  We therefore conclude, based upon the record before us, that " 'a hearing should be held to promote justice [because] the issues raised by the motion are sufficiently unusual and suggest searching investigation' " (*People v Ausserau*, 77 AD2d 152, 155, quoting *People v Crimmins*, 38 NY2d 407, 416; *see People v Kearney*, 78 AD3d 1329; *People v Nicholson*, 222 AD2d 1055, 1057).  Thus, we hold the case, reserve decision and remit the matter to County Court to conduct a hearing to determine what defendant's trial counsel knew about the alleged potentially exculpatory evidence and whether he related that information to defendant.

Entered:  February 10, 2011                    Patricia L. Morgan
                                               Clerk of the Court