# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

531
KA 14-00314
PRESENT: SCUDDER, P.J., SMITH, SCONIERS, WHALEN, AND DEJOSEPH, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

           V                                MEMORANDUM AND ORDER

EDDIE WASHINGTON, DEFENDANT-APPELLANT.

EDDIE WASHINGTON, DEFENDANT-APPELLANT PRO SE.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (MARIA MALDONADO OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------------

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Onondaga County Court (Thomas J. Miller, J.), dated January 14, 2014. The order denied the motion of defendant pursuant to CPL 440.10.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law and the matter is remitted to Onondaga County Court for a hearing pursuant to CPL 440.30 (5).

Memorandum: Defendant appeals from an order summarily denying his motion pursuant to CPL 440.10 seeking to vacate the judgment convicting him of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). The weapon was recovered from underneath the front passenger seat of a vehicle that the police had stopped for an alleged violation of Vehicle and Traffic Law § 375 (40). The driver was issued uniform traffic tickets for violations of sections 375 (40) and 511 (1) (a), and defendant, who was the front seat passenger, was charged in connection with the weapon. The traffic tickets against the driver were ultimately dismissed. Defendant contends that they were dismissed because City Court found that the stop of the vehicle was illegal.

Defense counsel moved to suppress the weapon, but defendant contends that defense counsel was ineffective for failing to investigate the stop, failing to call the driver as a witness at the suppression hearing, failing to cross-examine the police officer who stopped the vehicle concerning prior inconsistent statements and failing to obtain and utilize a police photograph allegedly establishing that the officer's claims with respect to the basis for the stop were false. County Court denied the suppression motion, and defendant contended in support of his CPL 440.10 motion, which was decided by the same County Court Judge, that he pleaded guilty "[d]ue

to the ineffective assistance provided by [trial counsel]."

　　　We agree with defendant that the court erred in denying his CPL 440.10 motion without conducting a hearing.  Attached to defendant's motion was an affidavit from the driver establishing that the rear lamp had been cracked, that she covered it with red tape on the advice of another police officer and that the light emanating from the lamp was red in accordance with the provisions of Vehicle and Traffic Law § 375 (40).  The driver further stated that she informed defendant's attorney of the dismissal of the traffic tickets and provided him with supporting documentation.  That documentation was also attached to defendant's motion and included a photograph establishing that the lamp in question emitted a red light.  The driver was present in court on the day of the suppression hearing, but was never called to testify.  According to the court's decision on the suppression motion, the only witness to testify at the suppression hearing was the police officer, who testified that, when the driver stepped on the brake, "the only light visible from the lamp was white."  In the officer's narrative statement, which was also attached to defendant's motion, the officer wrote that he stopped the vehicle because "the stop lamp was out."

　　　Contrary to the People's contention, defendant is not challenging the ruling on the suppression motion, which could be raised on the pending direct appeal and would thus require denial of the CPL 440.10 motion (*see* CPL 440.10 [2] [b]).  Moreover, he is not contending that the court was required to grant suppression under the doctrine of collateral estoppel.  Rather, defendant's main contention is that "defense counsel's failure to develop a sufficient factual record at the suppression hearing constitutes ineffective assistance of counsel.  Because that contention rests upon matters outside the record, . . . 'the appropriate vehicle by which to obtain review of [that contention] is through the commencement of a proceeding pursuant to CPL article 440' " (*People v Simmons*, 221 AD2d 994, 994, *lv denied* 88 NY2d 885).

　　　Contrary to the further contention of the People, defendant's failure to submit an affidavit from trial counsel is not fatal to the motion.  "[D]efendant's application is adverse and hostile to his trial attorney.  To require the defendant to secure an affidavit, or explain his failure to do so, [would be] wasteful and unnecessary" (*People v Radcliffe*, 298 AD2d 533, 534; *see generally People v Campbell*, 81 AD3d 1251, 1251).

　　　Here, as with many possessory offenses, "suppression was the only viable defense strategy" (*People v Layou*, 114 AD3d 1195, 1198; *see generally People v Clermont*, 22 NY3d 931, 933-934), inasmuch as defendant's guilt follows directly from the seizure of the weapon.  Based on the evidence in the record, "we can discern no tactical reason for trial counsel's failure to call [the driver] to testify," failure to investigate the dismissal of the driver's tickets on the ground that the stop was illegal, and failure to introduce a photograph that refuted the officer's allegations (*People v Dombrowski*, 87 AD3d 1267, 1268; *see Clermont*, 22 NY3d at 933-934;

*People v Barber*, 124 AD3d 1312, 1314).  Indeed, it appears that here, as in *Clermont*, defense counsel "never supplied the hearing court with any legal rationale for granting suppression" (22 NY3d at 933).  This is not a situation in which defendant's allegations are unsupported by other evidence and there is no reasonable possibility that his allegations are true (*cf. People v Santana*, 101 AD3d 1664, 1664-1665, *lv denied* 20 NY3d 1103).  We thus conclude that "a hearing is required to afford defendant's trial counsel an opportunity . . . to provide a tactical explanation for the omission[s]" (*Dombrowski*, 87 AD3d at 1268 [internal quotation marks omitted]; *see Campbell*, 81 AD3d at 1252).  Consequently, we reverse the order and remit the matter to County Court to conduct a hearing on defendant's CPL 440.10 motion (*see e.g. People v Conway*, 118 AD3d 1290, 1291).

Entered:  May 1, 2015                    Frances E. Cafarell
                                         Clerk of the Court