# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**293**
**KA 12-02016**
PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, NEMOYER, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

               V                          MEMORANDUM AND ORDER

GARTH O. BENNETT, DEFENDANT-APPELLANT.

---

MARK D. FUNK, ROCHESTER, FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------------------

    Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Supreme Court, Monroe County (Francis A. Affronti, J.), dated March 7, 2012. The order denied the motion of defendant to vacate a judgment of conviction pursuant to CPL 440.10.

    It is hereby ORDERED that the order so appealed from is unanimously reversed on the law and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: On appeal from an order summarily denying his pro se motion pursuant to CPL 440.10 seeking to vacate the judgment convicting him, upon his plea of guilty, of four counts of robbery in the second degree (Penal Law § 160.10 [1]; [2] [b]), defendant contends that Supreme Court should have conducted a hearing on the motion pursuant to CPL 440.30 (5). We agree. In support of his motion, defendant, who is not a United States citizen, submitted an affidavit in which he asserted that his attorney advised him prior to the plea that "there is no way in the world" that he would be deported as a result of his plea because he was being sentenced to less than five years in prison. Defendant further asserted that he would not have pleaded guilty had he been properly advised of the deportation consequences of the plea. According to defendant, he was deported to Jamaica after serving his term of imprisonment.

    As the Court of Appeals has held, an affirmative misstatement of the law regarding the deportation consequences of a plea may provide a basis for vacatur of the plea if it can be shown that the defendant was thereby prejudiced, i.e., there is a reasonable probability that the defendant would not otherwise have pleaded guilty (*see People v McDonald*, 1 NY3d 109, 115; *People v Argueta*, 46 AD3d 46, 50, *lv dismissed* 10 NY3d 761). Here, we conclude that defendant's sworn assertions, if true, entitle him to relief and, because it cannot be said that his assertions are incredible as a matter of law, a hearing

is required.  We reject the People's contention that the court properly denied the motion because defendant failed to submit an affidavit from his former attorney corroborating his claim (*see People v Pinto*, 133 AD3d 787, 790; *People v Washington*, 128 AD3d 1397, 1399). Where, as here, defendant's "application is adverse and hostile to his trial attorney," it "is wasteful and unnecessary" to require the defendant to secure an affidavit from counsel, or to explain his failure to do so (*People v Radcliffe*, 298 AD2d 533, 534; *see Washington*, 128 AD3d at 1399).  Moreover, contrary to the People's further contention, defendant's assertion that he would not have pleaded guilty if he had been properly advised regarding deportation is sufficient to raise an issue of fact whether he was prejudiced by counsel's alleged error (*see People v Ricketts-Simpson*, 130 AD3d 1149, 1151-1152; *People v Oouch*, 97 AD3d 904, 905-906).

We therefore reverse the order and remit the matter to Supreme Court for a hearing on the motion, i.e., to determine whether, as defendant has alleged, defense counsel assured him that he would not be deported as a result of his plea, and, if so, whether there is a reasonable probability that defendant would not have pleaded guilty if he had been properly advised of the deportation consequences.

Finally, we note that the People have not moved to dismiss the appeal on the ground that defendant has been deported and, although we have discretion to dismiss a permissive appeal in these circumstances (*see People v Harrison*, ___ NY3d ___, ___ [May 5, 2016]), we decline to exercise our discretion to do so.

Entered:  May 6, 2016                      Frances E. Cafarell
                                           Clerk of the Court