People v Krivak (2019 NY Slip Op 00464)





People v Krivak


2019 NY Slip Op 00464


Decided on January 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
JEFFREY A. COHEN, JJ.


2017-00638
 (Ind. No. 39/96)

[*1]The People of the State of New York, respondent,
v
Andrew Krivak, appellant.


Adele Bernhard, New York, NY, for appellant.
Robert V. Tendy, District Attorney, Carmel, NY (Larry Glasser of counsel), for respondent.
Duane Morris LLP, New York, NY (Eric R. Breslin, Melissa S. Geller, Amanda Bassen, and Jovalin Dedaj of counsel), for amici curiae the Innocence Network, the Innocence Project, the Exoneration Initiative, and the Office of the Appellate Defender.



DECISION & ORDER
Appeal by the defendant, by permission, from an order of the County Court, Putnam County (Victor J. Alfieri, Jr., J.), dated December 19, 2016, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of the same court (William B. Braatz, J.) rendered June 11, 1997, convicting him of murder in the second degree and rape in the first degree, upon a jury verdict, and imposing sentence (see People v Krivak, 265 AD2d 343), and for a new trial on the ground of newly discovered evidence.
ORDERED that the order is reversed, on the law and in the exercise of discretion, and the matter is remitted to the County Court, Putnam County, for a hearing in accordance herewith and, thereafter, a new determination of the defendant's motion pursuant to CPL 440.10 to vacate the judgment rendered June 11, 1997, to be conducted with all convenient speed.
In 1995, more than one year after her family reported her missing, the remains of 12-year-old J.W. were discovered in a wooded area in Putnam County (see People v DiPippo, 82 AD3d 786, 787). In 1996, the defendant and his codefendant, Anthony DiPippo, were arrested in connection with J.W.'s death (see People v DiPippo, 27 NY3d 127, 131; People v DiPippo, 82 AD3d at 787). The defendant, while in custody, made a statement to law enforcement officials, in which he confessed that he and DiPippo had raped and murdered J.W. The defendant and DiPippo were tried separately, and both were convicted, after jury trials, of murder in the second degree and rape in the first degree (see People v DiPippo, 82 AD3d at 787). This Court affirmed the defendant's judgment of conviction (see People v Krivak, 265 AD2d 343), and also affirmed DiPippo's judgment of conviction (see People v DiPippo, 265 AD2d 340).
On one of DiPippo's subsequent motions pursuant to CPL 440.10, this Court vacated DiPippo's judgment of conviction and remitted the matter for a new trial on the ground that DiPippo had been denied the effective assistance of trial counsel because his trial attorney had operated under a conflict of interest (see People v DiPippo, 82 AD3d 786; see also People v DiPippo, 27 NY3d [*2]127). Specifically, DiPippo's trial attorney had previously represented Howard Gombert, a possible suspect in the victim's rape and murder, on an earlier rape charge (see People v DiPippo, 82 AD3d at 787-788; see also People v DiPippo, 27 NY3d at 131). This Court concluded that the failure of DiPippo's trial attorney to disclose his prior representation of Gombert, and the attorney's failure to investigate Gombert as a possible perpetrator of the subject crimes, demonstrated that DiPippo's defense was in fact affected by the operation of the conflict of interest, or that the conflict operated on the representation (see People v DiPippo, 82 AD3d at 791; see also People v DiPippo, 27 NY3d at 131).
On his retrial, DiPippo sought to admit evidence suggesting that Gombert was the perpetrator of the crimes (see People v DiPippo, 27 NY3d at 131). DiPippo made an offer of proof to the court detailing the evidence that he claimed supported his third-party culpability defense (see id.). That evidence included the affidavit of Joseph Santoro, who had been incarcerated with Gombert in Connecticut and claimed that, in April 2011, Gombert made incriminating statements with respect to Gombert's involvement in the victim's death. DiPippo also tendered other evidence connecting Gombert to the victim, as well as allegations that Gombert raped and sexually assaulted other girls and women in a manner uniquely similar to that which was alleged with regard to the victim (see id. at 131-133). The trial court precluded DiPippo from presenting to the jury evidence of third-party culpability (see id. at 130-131, 133-134). The jury found DiPippo guilty of murder in the second degree and rape in the first degree, and this Court affirmed DiPippo's second judgment of conviction (see People v DiPippo, 117 AD3d 1076, revd 27 NY3d 127).
The Court of Appeals reversed DiPippo's second judgment of conviction and ordered a new trial (see People v DiPippo, 27 NY3d 127). The Court held that, under the circumstances of that case, DiPippo should have been permitted to present to the jury evidence of third-party culpability (see id. at 131). The Court stated, "[v]iewed in its totality, if proved through appropriate witness testimony at trial, [DiPippo's] proffer demonstrated that: Gombert knew and had access to the victim; he was familiar with the road near which the victim's remains were found; he had a history of allegedly assaulting other young girls with whom he was familiar in a manner uniquely similar to the prosecution's theory of how the victim was killed; and that Gombert allegedly made statements indicating that he had sexually abused the victim around the time of her disappearance and that [DiPippo] and [the defendant] were prosecuted for crimes that [Gombert] had committed" (id. at 139-140). The Court concluded that "[a]lthough the evidence presented by the People was arguably overwhelming, we cannot say, on these facts, that the error in curtailing [DiPippo's] ability to present a complete defense through the introduction of third-party culpability evidence was harmless" (id. at 141).
Following a third trial, at which the defense presented the testimony of Santoro, other evidence connecting Gombert to the victim, and witness testimony about acts of sexual abuse Gombert allegedly committed, the jury acquitted DiPippo.
Before DiPippo's third trial, the defendant made a motion pursuant to CPL 440.10 to vacate his judgment of conviction and for a new trial. After DiPippo was acquitted, the defendant's attorney submitted a supplemental affirmation in support of the motion in which he described certain evidence that had been presented at DiPippo's third trial. The defendant argued, among other things, that his judgment of conviction should be vacated and a new trial ordered based on newly discovered evidence, in particular, third-party culpability evidence relating to Gombert. In an order dated December 19, 2016, the County Court denied the defendant's motion without a hearing. The defendant appeals, by permission, and we reverse and remit the matter to the County Court, Putnam County, for a hearing in accordance herewith and, thereafter, a new determination of the defendant's motion.
The court which entered a judgment of conviction may, on motion of the defendant, vacate the judgment on the ground that "[n]ew evidence has been discovered since the entry of a judgment based upon a verdict of guilty after trial, which could not have been produced by the defendant at the trial even with due diligence on his part and which is of such character as to create a probability that had such evidence been received at the trial the verdict would have been more favorable to the defendant; provided that a motion based upon such ground must be made with due [*3]diligence after the discovery of such alleged new evidence" (CPL 440.10[1][g]).
"Once the parties have filed papers and all documentary evidence or information has been submitted, the court is obligated to consider the submitted material for the purpose of ascertaining whether the motion is determinable without a hearing to resolve questions of fact'" (People v Jones, 24 NY3d 623, 634, quoting CPL 440.30[1][a]). "[W]hether a defendant is entitled to a hearing on a CPL 440.10 motion is a discretionary determination" (People v Jones, 24 NY3d at 635).
Under the circumstances of this case, the County Court improvidently exercised its discretion in denying, without conducting an evidentiary hearing, the defendant's motion pursuant to CPL 440.10 to vacate his judgment of conviction. In view of the parties' submissions, particularly the third-party culpability evidence relating to Gombert, a hearing is necessary to promote justice (see People v Page, 115 AD3d 1067, 1069). Following a full evidentiary hearing, the court will be in a position to "make its final decision based upon the likely cumulative effect of the new evidence had it been presented at trial" (People v Bellamy, 84 AD3d 1260, 1261; see People v Tankleff, 49 AD3d 160, 178-181).
LEVENTHAL, J.P., CHAMBERS, AUSTIN and COHEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court