People v Monk (2026 NY Slip Op 50300(U))

[*1]

People v Monk

2026 NY Slip Op 50300(U)

Decided on February 13, 2026

County Court, Tompkins County

Miller, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 13, 2026
County Court, Tompkins County

People of the State of New York

againstJovon Monk, Defendant.

Ind. No. 70043-20

Veronica Fox, Esq., Deputy District Attorney 
Andrew Bonavia, Esq., Deputy District AttorneyThomas Shannan, Esq., for DefendantJerome Mayersak, Esq., for Defendant

Scott A. Miller, J.

On October 17, 2025, the defendant was found guilty of Rape in the First Degree, Criminal Sexual Act in the First Degree, and Sexual Abuse in the First Degree. Defendant moves pursuant to CPL § 330.30(2) to set aside the jury's verdict on the ground of alleged juror misconduct arising from the jury's use of VLC Media Player during deliberations in connection with People's Exhibit 2, a one minute and fifty second audio/video recording that was admitted into evidence at trial.
By Decision & Order dated January 9, 2026, this Court denied defendant's motion insofar as it challenged the Court's response to a jury note and granted the motion solely to the limited extent of conducting a narrowly circumscribed inspection of the technology utilized by the jury. The Court expressly confined the inquiry to inspection of the laptop provided to the jury, the VLC Media Player software installed thereon, and the exhibit file itself. No jurors were called, and no inquiry into deliberative processes was undertaken.
On February 10, 2026, the Court conducted that inspection in the presence of counsel and the defendant.Findings of FactThe Court finds:
1. The jury laptop had no internet access.2. The jury received the exhibit together with VLC Media Player upon consent of both parties.3. VLC Media Player is a playback application. It does not alter or edit a digital file.4. The "Audio Effects" interface contains frequency-based equalizer controls. These [*2]controls adjust playback frequencies and amplification in real time only; they do not insert, remove, or embed content into the file.The Court, familiar with the exhibit from repeated playbacks during trial, personally replicated playback using the same software. By modestly adjusting the pre-amplification and frequency sliders, the Court was able to make the victim's voice slightly more audible and reduce the relative prominence of background music. The recording itself remained unchanged. The exhibit inspected by the Court is identical in substance to the exhibit admitted at trial.
The Motion Is Procedurally DefectiveCPL 330.40(2)(a) requires "sworn allegations of fact" supporting a motion under CPL 330.30(2). The defendant's motion rests entirely upon hearsay affirmations of counsel and an investigator. No juror affidavit has been submitted. The Third Department has held that, "'[h]earsay allegations are insufficient to support a claim of juror misconduct [internal citations omitted].'" People v. Kenyon, 108 AD3d 933, 941 (3rd Dept. 2013). Likewise, a motion supported only by attorney affirmation referencing conversations with unnamed jurors is insufficient to warrant a hearing. People v. Hill, 225 AD2d 902, 902-903 (3rd Dept. 1996). 
The Court of Appeals has cautioned that, "As a matter of public policy, efforts to undermine a jury's verdict by systemically questioning the individual jurors long after they have been dismissed in hopes of discovering some form of misconduct should not be encouraged." People v. Friedgood, 58 NY2d 467, 473 (1983). Defendant's reliance, in an effort to excuse the hearsay procedural issue, upon People v. Nicholson, 222 AD2d 1055 (4th Dept. 1995), is misplaced. Nicholson involved a claim of newly discovered evidence under CPL 330.30(3) alleging that a third party confessed to the homicide for which the defendant had been convicted, i.e., circumstances raising "strong questions of actual innocence." The present motion alleges only that a juror adjusted playback equalizer settings while listening to an admitted exhibit. The extraordinary factual posture of Nicholson bears no resemblance to the allegations here. The narrow exception discussed there does not apply. The motion is therefore procedurally insufficient.
No Evidence that Juror Misconduct OccurredEven overlooking the hearsay defect, the allegations fail to establish misconduct within the meaning of CPL § 330.30(2). The Court's inspection confirms that the digital file was not (and could not be) altered. In People v. Ashe, 208 AD3d 1500 (3rd Dept. 2022), the Third Department approved a jury's use of a zoom feature to enlarge surveillance video during deliberations, so long as the evidence was not altered and the tool was not used for an improper purpose. The equalizer controls here are the audio equivalent of the zoom feature in Ashe. They permit closer scrutiny of admitted evidence; they do not create new evidence. The use of these standard playback tools to enhance audibility of an admitted exhibit does not transform that exhibit into new evidence; it allows the jury to more clearly perceive what is already before it. Adjusting frequency levels is analogous to increasing speaker volume, using headphones, adjusting brightness, or enlarging an image. Enhanced clarity is not alteration.
The record further reflects that both parties expressly consented to the jury receiving the exhibit together with VLC Media Player. No limitation was placed upon the jury's use of the software's ordinary playback functionality. The jury utilized only the tools provided to it with the parties' consent. This fact alone independently supports denial of the motion.

 Lack of Prejudice
Even assuming arguendo some technical irregularity (which this Court does not find), defendant has failed to demonstrate that any substantial right was affected. People's Exhibit 2 was but one component of a broader evidentiary record, which included the victim's testimony and admissions of the defendant. No showing has been made that any playback adjustment altered the exhibit's content or influenced the verdict in a legally cognizable manner.
The Defendant has failed to come forward with sworn, non-hearsay allegations of juror misconduct within the meaning of CPL § 330.30(2). The Court finds that there was no possibility that the exhibit was altered by the VLC Media Player. At most, the jury may have permissibly utilized the audio player's equalizer features merely to improve or amplify the audibility of the victim's voice, and as such there is no demonstration that a "substantial right" of the defendant has been affected. There is simply no evidence of juror misconduct. Allegations that the jury closely examined the evidence is not evidence of misconduct, to the contrary it is evidence that the jury understood the gravamen of its duty. Accordingly, it is hereby
ORDERED, that defendant's motion pursuant to CPL § 330.30(2) is DENIED in its entirety, and it is further
ORDERED, that sentencing will be scheduled forthwith.
Dated: February 13, 2026Ithaca, New YorkHon. Scott A. MillerTompkins County Court Judge