# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1491**
**KA 06-03311**
PRESENT: CENTRA, J.P., LINDLEY, SCONIERS, GREEN, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                              V                              OPINION AND ORDER

PIERRE D. COSBY, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

LINDA M. CAMPBELL, SYRACUSE, FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

--------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered August 21, 2006. The judgment convicted defendant, upon a jury verdict, of rape in the first degree and menacing in the second degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Opinion by CENTRA, J.P.:

### I

In appeal No. 1, defendant appeals from a judgment convicting him upon a jury verdict of rape in the first degree (Penal Law § 130.35 [1]) and two counts of menacing in the second degree (§ 120.14 [1]). In appeal No. 2, defendant appeals with permission of a Justice of this Court from an order denying his CPL 440.10 motion to vacate the judgment of conviction in appeal No. 1. The primary issue on appeal is whether defendant was denied effective assistance of counsel based on defense counsel's failure to advise defendant that defendant, rather than defense counsel, had the final decision whether to testify on his own behalf at trial. We agree with Supreme Court that defendant was not denied effective assistance of counsel, and we therefore conclude that the judgment in appeal No. 1 and the order in appeal No. 2 should be affirmed.

### II

Defendant was charged with, inter alia, rape in the first degree based on his allegedly having had forcible sexual intercourse with the victim. At trial, the victim testified that she was staying overnight at her cousin's apartment when defendant came over. The victim

testified that defendant punched her and then raped her while pointing a gun at her.  The People also presented evidence that DNA from a vaginal swab taken from the victim matched defendant's DNA.  Defendant did not call any witnesses, and the record is devoid of any indication whether defendant wished to testify.  As noted, the jury convicted him of, inter alia, rape in the first degree.

Appellate counsel was assigned to perfect defendant's appeal and moved pursuant to CPL 440.10 to vacate the judgment of conviction on the ground that defendant was denied effective assistance of counsel based on, inter alia, defense counsel's failure to advise defendant that it was his decision whether or not to testify at trial.  Supreme Court held a hearing at which defendant's trial attorney, defendant, and several members of defendant's family testified.  Defendant testified that he explained to his trial attorney what had occurred on the night in question, i.e., that he received a telephone call from the victim and told her that he would come see her.  Upon arriving at the apartment, defendant had consensual sexual intercourse with the victim, and they again had sexual intercourse in a park after taking a walk outside, whereupon defendant walked the victim back to the apartment and left.  According to defendant, he and the victim previously had consensual sexual intercourse on numerous occasions.

At the conclusion of the hearing, the court found that the evidence established that defendant told his trial attorney of his desire to testify and that his trial attorney advised him not to do so, but that the trial attorney failed to advise defendant that the decision to testify was his alone.  The court denied the motion, however, relying on its additional finding that defendant failed to establish that he would have testified at trial to his version of the events on the night in question.

III

Addressing first appeal No. 2, we note that defendant contends that the testimony elicited at the CPL article 440 hearing establishes that he was denied effective assistance of counsel.  We reject that contention.

As previously noted, the court found at the conclusion of the CPL article 440 hearing that defendant established that he had informed his trial attorney that he wished to testify and that his trial attorney advised him not to do so.  In addition, the court found that the trial attorney did not advise defendant that he, not she, had the final say in that regard.  We afford deference to the court's findings of fact, which are supported by the record (*see People v Whitfield*, 72 AD3d 1610, *lv denied* 15 NY3d 811; *People v Johnson*, 17 AD3d 932, 933, *lv denied* 5 NY3d 790).

It is well settled that, in New York, a defendant receives effective assistance of counsel "[s]o long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (*People v Baldi*, 54 NY2d 137, 147).  In

determining whether a defendant received effective assistance of counsel, we must consider " 'whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result' " (*People v Henriquez*, 3 NY3d 210, 229 [G.B. Smith, J., dissenting], quoting *Strickland v Washington*, 466 US 668, 686, *reh denied* 467 US 1267).

Regarding a defendant's right to testify, it is beyond cavil that "a criminal defendant has a constitutional right to testify in his [or her] own behalf at trial" (*United States v Teague*, 953 F2d 1525, 1530, *cert denied* 506 US 842; *see United States v Dunnigan*, 507 US 87, 96; *Rock v Arkansas*, 483 US 44, 51-52).  The fundamental decision whether to testify at trial is reserved to the defendant, not defense counsel (*see Jones v Barnes*, 463 US 745, 751; *People v Ferguson*, 67 NY2d 383, 390).  The trial court has no obligation to inform a defendant of his or her right to testify or to ascertain if the failure to testify was a voluntary and intelligent waiver of his or her right to do so (*see People v Fratta*, 83 NY2d 771, 772; *People v Dolan*, 2 AD3d 745, 746, *lv denied* 2 NY3d 798).  The issue here, however, is whether a defendant's attorney has a duty to advise the defendant of his or her right to testify, even against the advice of the attorney.  We conclude that the attorney does have that duty.

"[T]rial counsel's duty of effective assistance includes the responsibility to advise the defendant concerning the exercise of [the] constitutional right" to testify at trial (*Brown v Artuz*, 124 F3d 73, 74, *cert denied* 522 US 1128; *see People v Carpenter*, 52 AD3d 729, *lv denied* 11 NY3d 830; *People v Perry*, 266 AD2d 151, 152, *lv denied* 95 NY2d 856).  In addition to informing the defendant that he or she has the right to testify at trial, in the event that the attorney advises the defendant not to testify, the attorney must also inform the defendant that the ultimate decision whether to testify is the defendant's alone (*see Brown*, 124 F3d at 79; *Teague*, 953 F2d at 1533).  Without receiving such advice, a defendant may erroneously believe that the decision whether to testify is one of the many decisions over which the defendant's attorney has control (*see generally Ferguson*, 67 NY2d at 390).

The People contend that "the law should not, as a matter of sound public policy, place the burden of affirmatively telling a client that the client can ignore defense counsel's advice upon a defense attorney."  We reject that contention.  Rather, we conclude that it is indeed sound public policy for defense counsel to notify a defendant that he or she has a fundamental right to testify on his or her own behalf and that the decision whether to testify rests with defendant, not counsel.  Of course, defense counsel should still render advice to defendant concerning whether a good trial strategy would warrant testifying on his or her own behalf.  But we cannot stress enough that defense counsel should make it clear to the defendant that it is the defendant, not counsel, who has the final word on the matter.  The imposition of such a duty on defense counsel is consistent with the Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.2 (a), which provides in relevant part that, "[i]n a criminal case, the lawyer shall abide by the client's decision, after consultation with the

lawyer, as to . . . whether the client will testify." We thus agree with the court that defense counsel erred in this case by failing to advise defendant that the final decision whether to testify was defendant's to make.

We further agree with the court, however, that this single error by defense counsel did not deprive defendant of effective assistance of counsel. A single error by defense counsel may constitute ineffective assistance, but a court must examine defense counsel's entire representation of the defendant (*see People v Flores*, 84 NY2d 184, 188). Although rare, "there may be cases in which a single failing in an otherwise competent performance [may be] so 'egregious and prejudicial' as to deprive a defendant of his [or her] constitutional right" to effective assistance of counsel (*People v Turner*, 5 NY3d 476, 480; *see People v Caban*, 5 NY3d 143, 152). Stated differently, "[w]here a single, substantial error by counsel so seriously compromises a defendant's right to a fair trial, it will qualify as ineffective representation" (*People v Hobot*, 84 NY2d 1021, 1022).

We conclude under the circumstances of this case that defense counsel's failure to advise defendant that the decision whether to testify was his alone to make was not so egregious and prejudicial as to deprive defendant of his constitutional right to effective assistance of counsel (*see generally Turner*, 5 NY3d at 480). Upon our review of the transcript of the CPL article 440 hearing, we agree with the court that defendant failed to prove that he would have given relevant testimony at trial. The record supports the court's finding that the account given by defendant at the CPL article 440 hearing regarding his activities on the night in question was never given to his counsel during the trial. Indeed, the record establishes that defense counsel testified that defendant would not tell her what happened on the evening in question. If he had, then it is only logical to assume that the trial strategy would have varied greatly. Trial counsel would have argued from the outset of the trial that the sex between the victim and defendant was consensual and that the victim and defendant in fact had a prior sexual relationship. Again, it is only logical to assume that trial counsel would have mentioned it during her opening statement; she would have cross-examined the victim about it; and she would have made more mention of the finding of vegetation in the victim's underwear, inasmuch as the vegetation would have supported the theory that defendant and the victim had sex in the park. Instead, however, the record establishes that defendant would not give his counsel any explanation for what occurred that evening, and that trial counsel did the best she could by formulating a defense theory that attacked the credibility of the witnesses. Thus, even though the record supports the court's finding that defendant asked his attorney whether he could testify, the record further establishes that defendant either would not have testified or would not have given the testimony that he gave at the CPL article 440 hearing. We therefore conclude that defense counsel's error did not seriously compromise the right of defendant to a fair trial (*see generally Hobot*, 84 NY2d at 1022).

IV

Turning next to appeal No. 1, we conclude that none of defendant's contentions with respect thereto have merit.  Defendant contends that the court's *Sandoval* ruling constituted an abuse of discretion inasmuch as the ruling allowed the People to cross-examine defendant with respect to a prior conviction of criminal possession of a weapon in the third degree and the facts underlying that conviction.  Defendant contends that the ruling was unduly prejudicial because that conviction and the crime for which he was on trial both involved the use of a gun.  We reject that contention.  Cross-examination of a defendant concerning a prior crime is not prohibited solely because of the similarity between that crime and the crime charged (*see People v Hayes*, 97 NY2d 203, 208).

Defendant next contends that he was deprived of a fair trial when the court refused to supplement its response to a note from the jury during its deliberations by giving the falsus in uno instruction (*see* CJI2d[NY] Credibility of Witnesses - Accept in Whole or in Part [Falsus in Uno]).  We agree with the court that the requested instruction was not responsive to the jury's note, and we conclude that the court properly exercised its discretion in formulating a meaningful response to the jury's note (*see People v Santi*, 3 NY3d 234, 248; *People v Smith*, 21 AD3d 1277, 1277-1278, *lv denied* 7 NY3d 763).  The court was not obligated to go beyond the jury's request for information (*see People v Barreto*, 70 AD3d 574, 575, *lv denied* 15 NY3d 772).  The sentence is not unduly harsh or severe.  We have examined defendant's remaining contentions and conclude that they are without merit.

V

Accordingly, we conclude that the judgment in appeal No. 1 should be affirmed, as should the order in appeal No. 2.

Entered:  February 10, 2011                    Patricia L. Morgan
                                               Clerk of the Court