People v Scott (2020 NY Slip Op 01807)





People v Scott


2020 NY Slip Op 01807


Decided on March 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


913 KA 16-02024

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RICKIE R. SCOTT, ALSO KNOWN AS "STEPHAN SUMPSSTER," DEFENDANT-APPELLANT. 






MICHAEL J. STACHOWSKI, P.C., BUFFALO (MICHAEL J. STACHOWSKI OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT. 


 Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Supreme Court, Erie County (Christopher J. Burns, J.), dated August 29, 2016. The order denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting defendant of murder in the second degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree. 
It is hereby ORDERED that the order so appealed from is reversed on the law and the matter is remitted to Supreme Court, Erie County, for a hearing pursuant to CPL 440.30 (5) in accordance with the following memorandum: Defendant appeals from an order that summarily denied his CPL 440.10 motion to vacate the judgment convicting him following a jury trial of, inter alia, murder in the second degree (Penal Law § 125.25 [1]). On his direct appeal from the judgment, defendant contended, among other things, that his trial attorney was ineffective for failing to call at trial an alibi witness who, according to defendant, would have testified that defendant was with her in North Carolina at the time the murder was committed in Buffalo. Although we affirmed the judgment, we stated that defendant's claim of ineffective assistance of counsel was "based on matters outside the record on appeal, and thus the proper procedural vehicle for raising that contention is by way of a motion pursuant to CPL 440.10' " (People v Scott, 107 AD3d 1635, 1637 [4th Dept 2013], lv denied 21 NY3d 1077 [2013]).
Defendant thereafter filed the instant CPL article 440 motion, submitting in support thereof an affidavit from a second potential alibi witness in which she stated under oath that she informed defendant's former attorney at defendant's arraignment that defendant had been in North Carolina with her and his then-girlfriend during the weeks before and after the murder. The alibi witness further stated that she and defendant's former girlfriend were present at the courthouse during defendant's trial and were prepared to testify on his behalf, yet they were never called as witnesses. According to the alibi witness, defendant's attorney told them that they could not be present in the courtroom because they might be called as witnesses. Based on the affidavit, defendant requested a hearing on his motion.
In an affidavit opposing the motion, the People did not contest that defendant was entitled to a hearing based on the alibi witness's affidavit and stated that "defendant has raised an issue of fact as to whether [the alibi witness] was available to testify . . . on his behalf and had favorable testimony to give." The People further stated that defendant bore the burden at the hearing of establishing "(1) that the witness had material, favorable testimony to give, (2) an absence of a legitimate reason for counsel's choice not to call her; and (3) that the failure to call her, in and of itself, rendered counsel's representation less than meaningful." The People asserted that defendant would not be able to meet his burden at the hearing.
Supreme Court nevertheless denied defendant's motion without a hearing, noting that [*2]defendant failed to provide "an affidavit from his former attorney attesting to the reasons why these witnesses were not called." The court also stated that defendant "does not allege that he was able to provide to his attorney tangible and credible proof, beyond the proposed testimony of these two witnesses, of his whereabouts at the time of the killing other than at the scene of the crime." We conclude that the court erred in summarily denying the motion.
"It is well established that the failure to investigate or call exculpatory witnesses may amount to ineffective assistance of
counsel' " (People v Dombrowski, 87 AD3d 1267, 1268 [4th Dept 2011]; see People v Mosley, 56 AD3d 1140, 1140-1141 [4th Dept 2008]). Contrary to the court's determination, a "defendant's failure to submit an affidavit from trial counsel is not fatal to [a CPL 440.10] motion" (People v Washington, 128 AD3d 1397, 1399 [4th Dept 2015]; see People v Campbell, 81 AD3d 1251, 1251-1252 [4th Dept 2011]). Where, as here, the defendant's " application is adverse and hostile to his [or her] trial attorney,' it is wasteful and unnecessary' to require the defendant to secure an affidavit from counsel, or to explain his [or her] failure to do so" (People v Bennett, 139 AD3d 1350, 1351-1352 [4th Dept 2016]; see People v Pinto, 133 AD3d 787, 790 [2d Dept 2015], lv denied 27 NY3d 1004 [2016]; People v Stevens, 64 AD3d 1051, 1053 n [3d Dept 2009], lv denied 13 NY3d 839 [2009]). Moreover, to be entitled to a hearing, a defendant is not required to submit with his or her motion evidence corroborating the alibi witness's affidavit (see generally CPL 440.30 [1] [a]). Although the lack of corroboration is a factor the court may consider at a hearing, it is not a basis for denying the motion summarily.
While a hearing may ultimately reveal that there was a strategic or legitimate reason for defense counsel's determination not to call the purported alibi witnesses (see People v Pottinger, 156 AD3d 1379, 1380 [4th Dept 2017]; People v Conway, 118 AD3d 1290, 1291 [4th Dept 2014]), we agree with defendant that "his submissions support[] his contention that he was denied effective assistance of counsel . . . and raise[] a factual issue that requires a hearing' " (People v Frazier, 87 AD3d 1350, 1351 [4th Dept 2011]; see Conway, 118 AD3d at 1291). We thus reverse the order and remit the matter to Supreme Court to conduct a hearing pursuant to CPL 440.30 (5) on defendant's claim of ineffective assistance of counsel.
Finally, we note that defendant's contention regarding defense counsel's failure to file and serve a notice of alibi is not properly before us inasmuch as sufficient facts appear on the record of the proceedings underlying the judgment to have permitted review of the issue had defendant raised it on the prior appeal (see CPL 440.10 [2] [c]).
All concur except Winslow, J., who dissents and votes to affirm in the following memorandum: I respectfully dissent in part. Although I agree with the majority that defendant's contention concerning defense counsel's alleged failure to file and serve a notice of alibi is not properly before us (see CPL 440.10 [2] [c]), I disagree with the conclusion of the majority that defendant's submissions on his CPL 440.10 motion raise a factual issue that requires a hearing on defendant's claim of ineffective assistance of counsel. In my view, defendant's submissions fail to "show that the nonrecord facts sought to be established are material and would entitle him to relief" (People v Satterfield, 66 NY2d 796, 799 [1985]). Thus, I conclude that a hearing regarding defense counsel's failure to present the testimony of alibi witnesses is unnecessary, and I would affirm Supreme Court's order denying defendant's motion.
I recognize that "the failure to investigate or call exculpatory witnesses may amount to ineffective assistance of counsel" (People v Young, 167 AD3d 1448, 1449 [4th Dept 2018], lv denied 33 NY3d 1036 [2019] [internal quotation marks omitted]). But an attorney also may be deemed ineffective for presenting alibi witnesses who give flawed or unsound testimony (see People v Jarvis, 113 AD3d 1058, 1060-1061 [4th Dept 2014], affd 25 NY3d 968 [2015]). Thus, a decision not to call an alibi witness is often the product of "sound trial strategy" rather than ineffectiveness (People v Smith [William], 115 AD2d 304, 304 [4th Dept 1985]).
Although the Court of Appeals and this Court have encouraged the factual development of ineffective assistance claims by way of CPL 440.10 motions (see e.g. People v Konstantinides, 14 NY3d 1, 12 [2009]; People v Washington, 39 AD3d 1228, 1230 [4th Dept 2007], lv denied 9 NY3d 870 [2007]), a hearing to develop additional background facts is not "invariably necessary," and a moving defendant "must show that the nonrecord facts sought to be established [at a hearing] are material and would entitle him [or her] to relief" (Satterfield, 66 NY2d at 799).
Here, during jury selection, defense counsel alerted the court that defendant had informed him of the existence of a potential alibi witness. Defense counsel advised the court that his investigator was seeking evidence to corroborate defendant's belated claim that he was out of state with his girlfriend when the homicide occurred. Defense counsel further indicated to the court that he did not anticipate that it would be part of his trial strategy to call the alibi witness and that he would do so only if he and defendant agreed and deemed it to be necessary. Ultimately, defense counsel did not present alibi evidence. The People presented the eyewitness testimony of an informant, a drug dealer, and the drug dealer's two brothers, one of whom testified against defendant under a cooperation agreement in a federal drug trafficking case and the other of whom had been unable to identify the shooter prior to trial. The People's case hinged on the credibility of those witnesses, and defense counsel logically attacked their credibility. Defendant did not challenge counsel's representation at any time prior to sentencing.
After his conviction, defendant moved to vacate the judgment of conviction pursuant to CPL 440.10 on the ground of ineffective assistance of counsel. The basis of the claimed ineffectiveness was, insofar as relevant here, defense counsel's failure to present the testimony of alibi witnesses, and thus the purpose of a hearing would be to probe defense counsel's reasons for not calling the alibi witnesses. Defense counsel's reasoning, however, is clear from defendant's motion submissions, which allege that defense counsel told defendant that he "figured the People's evidence wasn't strong enough to support a conviction, so [there was] no need for him to produce any witnesses."
Viewing the trial record and defendant's postjudgment submissions objectively, I conclude that defendant's right to effective assistance of counsel has been satisfied (see Satterfield, 66 NY2d at 799; People v Baldi, 54 NY2d 137, 146-147 [1981]). Defense counsel's strategic determination not to present alibi testimony was at most a tactical error, and it is not for this Court to second-guess whether the course chosen by defense counsel was the best trial strategy, or even a good one, so long as defendant was afforded meaningful representation (see Satterfield, 66 NY2d at 799-800; People v Delp, 156 AD3d 1450, 1451 [4th Dept 2017], lv denied 31 NY3d 983 [2018]). "It is always easy with the advantage of hindsight to point out where trial counsel went awry in strategy. But trial tactics which terminate unsuccessfully do not automatically indicate ineffectiveness" (Baldi, 54 NY2d at 146), and counsel's subjective reasons for choosing to pursue one trial strategy over another are immaterial (see Satterfield, 66 NY2d at 799).
The motion court was familiar with defense counsel's representation of defendant, having presided over both of his trials and defendant's sentencing. Further, given the nature of the claimed ineffective assistance, defendant's motion could be determined without a hearing based on the trial record and defendant's submissions on the motion, and I thus conclude that the court did not err in summarily denying the motion (see CPL 440.30 [2]; see also Baldi, 54 NY2d at 146-147; People v Kates, 162 AD3d 1627, 1631-1632 [4th Dept 2018], lv denied 32 NY3d 1065 [2018], reconsideration denied 32 NY3d 1173 [2019]; People v Stewart, 295 AD2d 249, 249-250 [1st Dept 2002], lv denied 99 NY2d 540 [2002], cert denied 538 US 1003 [2003]).
Entered: March 13, 2020
Mark W. Bennett
Clerk of the Court