People v Mirabella (2020 NY Slip Op 05388)





People v Mirabella


2020 NY Slip Op 05388


Decided on October 2, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


801 KA 17-00027

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TODD MIRABELLA, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (CHARLES D. STEINMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 


 Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Supreme Court, Monroe County (Thomas E. Moran, J.), dated November 28, 2016. The order denied the motion of defendant to vacate a judgment of conviction pursuant to CPL 440.10. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law and the matter is remitted to Supreme Court, Monroe County, for a hearing pursuant to CPL 440.30 (5) in accordance with the following memorandum: Defendant appeals from an order that denied without a hearing his CPL 440.10 motion to vacate the judgment convicting him following a jury trial of, inter alia, two counts of sexual abuse in the first degree (Penal Law § 130.65 [4]). We affirmed the judgment of conviction on direct appeal (People v Mirabella, 126 AD3d 1367 [4th Dept 2015], lv denied 25 NY3d 1168 [2015]) and thereafter denied defendant's motion seeking leave to reargue (People v Mirabella, 138 AD3d 1513 [4th Dept 2016], lv dismissed 28 NY3d 934 [2016]). Defendant made the motion herein to vacate the judgment of conviction on the ground that defense counsel was ineffective for, inter alia, failing to obtain expert testimony to rebut the testimony of the People's expert on the subject of Child Sexual Abuse Accommodation Syndrome (CSAAS) and failing to advise defendant that the ultimate decision whether defendant should testify was defendant's to make.
We conclude that Supreme Court properly denied the motion without a hearing with respect to the issue of a CSAAS expert for the defense. We agree with the court that even assuming, arguendo, that defense counsel did not retain or consult a CSAAS expert for the defense, defense counsel nevertheless provided effective representation to defendant in his cross-examination of the People's CSAAS expert. Significantly, defense counsel " 'carefully highlighted on cross-examination' " that CSAAS was not a diagnostic tool for proving whether sexual abuse had occurred or whether the victims' accounts were truthful (People v Washington, 122 AD3d 1406, 1407 [4th Dept 2014], lv denied 25 NY3d 1173 [2015]), and thus he established that the People's expert could give no evidence with respect to the ultimate issue of the case, i.e., defendant's guilt. The court therefore properly determined that defense counsel provided meaningful representation in addressing the expert testimony presented by the People (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
We agree with defendant, however, that the court erred in denying his motion without a hearing with respect to whether defense counsel fulfilled his duty of advising defendant that his decision to testify was ultimately his own, not defense counsel's, to make (see People v Cosby, 82 AD3d 63, 66 [4th Dept 2011], lv denied 16 NY3d 857 [2011]). Defendant has made a proper showing for a hearing by asserting a viable legal basis for the motion, substantiated by his own unrefuted sworn allegations and other evidentiary submissions (see CPL 440.30 [4] [a]-[d]), and neither the mandatory denial provisions of CPL 440.10 (2) nor the permissive denial provisions of CPL 440.10 (3) apply to this case (see CPL 440.30 [2], [5]). Cosby, relied on by both the [*2]court and the People in support of denying the motion, is distinguishable from this case inasmuch as a hearing pursuant to CPL 440.30 (5) was held in Cosby, thereby permitting us to determine on the merits that defendant was not deprived of his constitutional right to effective assistance of counsel and, consequently, that his right to a fair trial was not seriously compromised (see 82 AD3d at 67-68). No such determination on the merits can be made on the record before us. We therefore reverse the order and remit the matter to Supreme Court for a hearing pursuant to CPL 440.30 (5) on that part of defendant's motion.
Entered: October 2, 2020
Mark W. Bennett
Clerk of the Court