People v Reed (2021 NY Slip Op 00758)





People v Reed


2021 NY Slip Op 00758


Decided on February 5, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND DEJOSEPH, JJ.


1157 KA 18-01451

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
WILLIAM REED, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (SARA GOLDFARB OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (DARIENN P. BALIN OF COUNSEL), FOR RESPONDENT. 


 Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Supreme Court, Onondaga County (Gordon J. Cuffy, A.J.), entered July 9, 2018. The order denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting defendant upon a jury verdict of robbery in the first degree (two counts). 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law and the matter is remitted to Supreme Court, Onondaga County, for a hearing pursuant to CPL 440.30 (5) in accordance with the following memorandum: Defendant appeals, by permission of this Court, from an order that denied without a hearing his CPL 440.10 motion to vacate the judgment convicting him following a jury trial of two counts of robbery in the first degree (Penal Law
§ 160.15 [3], [4]). We affirmed the judgment of conviction on direct appeal (People v Reed, 151 AD3d 1821 [4th Dept 2017], lv denied 30 NY3d 952 [2017]), concluding, inter alia, that Supreme Court properly denied without a hearing defendant's motion to dismiss the indictment on statutory speedy trial grounds because "defendant alleged only that six months had passed after the action was commenced, without stating whether the People had announced their readiness for trial" and thus failed to meet his initial burden on that motion of alleging " 'that the prosecution failed to declare readiness within the statutorily prescribed time period' " (id. at 1821, quoting People v Goode, 87 NY2d 1045, 1047 [1996]).
Defendant thereafter brought this CPL 440.10 motion to vacate the judgment of conviction on the ground that defense counsel was ineffective in failing to make a sufficient motion to dismiss the indictment based on the alleged violation of defendant's statutory right to a speedy trial (see CPL 30.30 [1] [a]). We conclude that the court erred in denying defendant's CPL 440.10 motion without a hearing with respect to whether a properly pleaded CPL 30.30 motion would have been successful and whether defense counsel's failure in this regard deprived defendant of meaningful representation (see generally Reed, 151 AD3d at 1821-1822).
Where, as here, a defendant is charged with a felony offense, the People must announce readiness for trial within six months of the commencement of the action (see CPL 30.30 [1] [a]; People v Cortes, 80 NY2d 201, 207 n 3 [1992], rearg denied 81 NY2d 1068 [1993]), "exclusive of the days chargeable to the defense" (People v Waldron, 6 NY3d 463, 467 [2006]). In support of his CPL 440.10 motion, defendant submitted documents establishing that 88 days passed between the commencement of the action and the People's statement of readiness and that 98 additional days were chargeable to the People. Defendant thus sufficiently alleged that the People had indeed failed to timely announce their readiness for trial and that he therefore had a viable basis for a speedy trial motion. Inasmuch as "a failure of counsel to assert a meritorious speedy trial claim is, by itself, a sufficiently egregious error to render a defendant's representation ineffective" (People v Sweet, 79 AD3d 1772, 1772 [4th Dept 2010] [internal [*2]quotation marks omitted]; see People v Obert, 1 AD3d 631, 632 [3d Dept 2003], lv denied 2 NY3d 764 [2004]), and inasmuch as a defendant may be deprived of effective assistance even where defense counsel makes a speedy trial motion but does so in a form or at a time that is improper (see People v Stewart, 171 AD3d 625, 625-626 [1st Dept 2019], lv denied 34 NY3d 984 [2019]), we conclude that defendant asserted a viable legal basis for his CPL 440.10 motion (see People v Mirabella, 187 AD3d 1589, 1590 [4th Dept 2020], lv dismissed 36 NY3d 930 [2020]).
In opposition to defendant's CPL 440.10 motion, the People contended that the speedy trial motion would have been denied even if properly pleaded because defendant was attempting to avoid apprehension and thus the 88 days preceding the People's first statement of readiness were excludable pursuant to CPL 30.30 (4) (c) (i). In denying the CPL 440.10 motion without a hearing, the court concluded that the trial court had ruled that the 88 days between the commencement of the action and the People's initial statement of readiness "was not chargeable to the People[] because defendant evaded arrest." We note, however, that the only evidence in the record supporting the conclusion that defendant was evading arrest was the prosecutor's statement at defendant's arraignment on the indictment that she understood that defendant had "fled the area" and was heading to the New York City area, an assertion that was based solely on the supposition of an unnamed member of the police department's central investigation division. We thus conclude that defendant's submissions "support[] his contention that he was denied effective assistance of counsel . . . and raise[] a factual issue that requires a hearing" (People v Scott, 181 AD3d 1220, 1222 [4th Dept 2020] [internal quotation marks omitted]) and that "[t]he People submitted nothing in opposition to the motion that would require or indeed allow the court to deny the motion without a hearing" (People v Parsons, 114 AD3d 1154, 1154 [4th Dept 2014]; see CPL 440.30 [2], [4], [5]; see generally People v Jones, 24 NY3d 623, 636 [2014]). We therefore reverse the order and remit the matter to Supreme Court for a hearing on defendant's motion (see Mirabella, 187 AD3d at 1590; Scott, 181 AD3d at 1222).
Entered: February 5, 2021
Mark W. Bennett
Clerk of the Court