People v Ross (2021 NY Slip Op 04820)





People v Ross


2021 NY Slip Op 04820


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, TROUTMAN, AND BANNISTER, JJ.


389 KA 18-01351

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL ROSS, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALAN WILLIAMS OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MINDY F. VANLEUVAN OF COUNSEL), FOR RESPONDENT. 


 Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Supreme Court, Erie County (Christopher J. Burns, J.), entered June 19, 2018. The order denied the motion of defendant pursuant to CPL 440.10 to vacate a judgment of conviction. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law and the matter is remitted to Supreme Court, Erie County, for a hearing pursuant to CPL 440.30 (5) in accordance with the following memorandum: Defendant appeals from an order that denied without a hearing his CPL 440.10 motion to vacate the judgment convicting him, following a jury trial, of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]) and criminal possession of a weapon in the third degree (§ 265.02 [1]). We affirmed the judgment of conviction on direct appeal (People v Ross, 118 AD3d 1321 [4th Dept 2014], lv denied 23 NY3d 1067 [2014], reconsideration denied 24 NY3d 1122 [2015]) and denied defendant's two subsequent motions for writs of error coram nobis (People v Ross, 151 AD3d 1782 [4th Dept 2017], lv denied 30 NY3d 983 [2017]; People v Ross, 129 AD3d 1556 [4th Dept 2015], lv denied 27 NY3d 1005 [2016], reconsideration denied 27 NY3d 1155 [2016]).
Defendant made the instant motion to vacate the judgment on the grounds of ineffective assistance of counsel and a denial of his right to counsel related to the alleged failure of Supreme Court to inquire at trial into his request for a substitution of his third assigned counsel (trial counsel). We conclude that defendant is entitled to a hearing with respect to his claim of ineffective assistance of counsel only.
With respect to his claim of ineffective assistance of counsel, defendant contends that trial counsel failed to interview or call two exculpatory witnesses who defendant had identified and who were available and willing to testify. Those witnesses submitted affidavits in which they corroborated defendant's contention that he fired the .22 caliber rifle at issue into the air as warning shots and did not fire directly at the victim. The witnesses also averred that they were willing and able to testify at trial but were never contacted by trial counsel. Defendant also contends that trial counsel failed to inform him that the decision whether he would testify at trial was a decision for defendant, not trial counsel, to make.
As defendant correctly contends, his claim of ineffective assistance of counsel was properly raised on his CPL 440.10 motion inasmuch as it is based on matters outside the trial record (see People v Wilson [appeal No. 2], 162 AD3d 1591, 1592 [4th Dept 2018]; see e.g. People v Williams [appeal No. 2], 175 AD3d 980, 981-982 [4th Dept 2019], lv denied 34 NY3d 1020 [2019]; People v Dixon, 147 AD3d 1518, 1519 [4th Dept 2017], lv denied 29 NY3d 1078 [2017]). Here, defendant's submissions on the motion raise factual issues requiring a hearing concerning trial counsel's failure to interview and call the two exculpatory witnesses (see People v Howard, 175 AD3d 1023, 1025 [4th Dept 2019]; see also People v Scott, 181 AD3d 1220, [*2]1221-1222 [4th Dept 2020]; People v Mosley, 56 AD3d 1140, 1140-1141 [4th Dept 2008]), even in the absence of an affidavit from trial counsel (see Scott, 181 AD3d at 1221-1222). We thus conclude that defendant is entitled to a hearing on his entire claim of ineffective assistance of counsel inasmuch as " 'such a claim constitutes a single, unified claim that must be assessed in totality' " (Wilson, 162 AD3d at 1592), and we therefore reverse the order and remit the matter to Supreme Court to conduct a hearing pursuant to CPL 440.30 (5) on that claim.
Defendant further contends that the court erred in denying without a hearing that part of his motion that was based on his claim that the court failed to inquire at trial into his complaints regarding trial counsel (see generally People v Sides, 75 NY2d 822, 824-825 [1990]). We reject that contention. The allegations of fact essential to support that part of the motion were made solely by defendant, and we conclude that "there is no reasonable possibility that such allegation[s are] true" (CPL 440.30 [4] [d]).
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court