People v Ferry (2023 NY Slip Op 05087)

People v Ferry

2023 NY Slip Op 05087

Decided on October 6, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, MONTOUR, AND GREENWOOD, JJ.

730 KA 19-01044

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TIMOTHY A. FERRY, DEFENDANT-APPELLANT. 

PAUL J. VACCA, JR., ROCHESTER, FOR DEFENDANT-APPELLANT.
KRISTYNA S. MILLS, DISTRICT ATTORNEY, WATERTOWN (MORGAN R. MAYER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered March 8, 2019. The judgment convicted defendant upon a jury verdict of predatory sexual assault against a child, course of sexual conduct against a child in the first degree, and sexual abuse in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of predatory sexual assault against a child (Penal Law § 130.96), course of sexual conduct against a child in the first degree (§ 130.75 [1] [b]), and sexual abuse in the first degree
(§ 130.65 [4]). We note at the outset that the notice of appeal incorrectly states that defendant, "Eulese Cruz," is appealing from a February 1, 2019 judgment of conviction. The notice of appeal, including the caption, is otherwise accurate, however, and we therefore "exercise our discretion, in the interest of justice, and treat the notice of appeal as valid" (People v Mitchell, 93 AD3d 1173, 1173 [4th Dept 2012], lv denied 19 NY3d 999 [2012]; see CPL 460.10 [6]; People v Delgado, 183 AD3d 1236, 1236 [4th Dept 2020], lv denied 35 NY3d 1044 [2020]). We now affirm.
Defendant contends that he was deprived of his right to testify at trial. Insofar as defendant contends that County Court was obligated to ensure that he knowingly waived his right to testify, defendant's contention lacks merit. "The trial court has no obligation to inform a defendant of [the] right to testify or to ascertain if the failure to testify was a voluntary and intelligent waiver of [the] right to do so" (People v Cosby, 82 AD3d 63, 66 [4th Dept 2011], lv denied 16 NY3d 857 [2011]; see People v Richards, 177 AD3d 1280, 1282 [4th Dept 2019], lv denied 35 NY3d 994 [2020]). To the extent that defendant relatedly contends that defense counsel deprived him of his right to testify, that contention is based primarily on matters outside the record and must be raised in a motion pursuant to CPL 440.10 (see Richards, 177 AD3d at 1282; see generally People v Mirabella, 187 AD3d 1589, 1589-1590 [4th Dept 2020], lv dismissed 36 NY3d 930 [2020]).
Defendant did not request that the court charge the jury with any lesser included offense and thus failed to preserve for our review his current contention that the court erred in failing to do so (see CPL 470.05 [2]; People v Vrooman, 115 AD3d 1189, 1191 [4th Dept 2014], lv denied 23 NY3d 969 [2014]; People v Pross, 302 AD2d 895, 898 [4th Dept 2003], lv denied 99 NY2d 657 [2003]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Finally, we reject defendant's contention that the sentence is unduly harsh and severe.
Entered: October 6, 2023
Ann Dillon Flynn
Clerk of the Court