**Rondinone v McClintock**

2024 NY Slip Op 32177(U)

June 26, 2024

Supreme Court, New York County

Docket Number: Index No. 153502/2021

Judge: Verna L. Saunders

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. VERNA L. SAUNDERS, JSC**          PART   36

*Justice*

-------------------------------------------------------------------X

UGO RONDINONE,

Plaintiff,

- v -

MICHAEL MCCLINTOCK,

Defendant.

-------------------------------------------------------------------X

INDEX NO.          153502/2021

MOTION SEQ. NO.          001

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31

were read on this motion to/for          **DISMISSAL**          .

Plaintiff commenced this action alleging a single cause of action for breach of contract when defendant allegedly refused to repair the lower roof of the apartment building in which plaintiff and defendant reside under the terms of their agreement. Defendant denies any such breach and timely brings this pre-answer motion to dismiss the complaint pursuant to CPLR 3211(a)(1) and (a)(7). Defendant also seeks attorneys' fees pursuant to the contract. Plaintiff opposes the motion and defendant replies. For the reasons below, defendant's motion is denied.

The following allegations are taken from the complaint and are presumed true for the purposes of this motion.[1]

Plaintiff and defendant are shareholders in the same cooperative corporation of the building in which they live (NYSCEF Doc. No. 1, complaint at ¶¶ 3-4). Plaintiff resides in Unit 2 and defendant resides in Unit 1 (*id.*). Units 2 and 3 had direct access to the lower roof; however, defendant did not have access to the lower roof, which was directly above his unit (*id.* at ¶ 10).

In 2017, defendant and other non-party owners of units 2 and 3 executed the Lower Roof License Agreement ("subject agreement") to improve and repair the lower roof to be accessible by all unit owners (*id.* at ¶¶ 8-9). The subject agreement provided that defendant would construct a bulkhead through the ceiling of his unit to gain access to the roof and would cover the entire costs of this construction and related roof repairs, except for the façade and buttresses (*id.* at ¶ 10). The subject agreement also provided that defendant would enter into an alteration agreement for construction and repairs with the cooperative corporation, and it required defendant to comply with the rules and regulations of the New York City Department of Buildings ("DOB") and to pay any fines, violations, or expenses related to the construction (*id.* at

---

[1] *Davis v Boeheim*, 24 NY3d 262, 268 [2014] (on a motion to dismiss, procedural posture requires courts to "accept as true each and every allegation made by the plaintiff and limit [the] inquiry to the legal sufficiency of the plaintiff's claim" [citation omitted]).

**153502/2021  RONDINONE, UGO vs. MCCLINTOCK, MICHAEL**
**Motion No.  001**

Page 1 of 4

¶ 11). Additionally, the subject agreement provided that the parties and successor unit owners are bound by it, and that in the event of a breach, the defaulting party would pay for the other party's costs and expenses, including reasonable attorneys' fees (*id.* at ¶¶ 12-13). In 2019, plaintiff purchased his shares in the cooperative corporation to be the resident of Unit 2 and thereby became the owner and successor party to the subject agreement (*id.* at ¶ 14).

In 2020, plaintiff e-mailed defendant and informed him that defendant was responsible for sufficient roof repairs to sustain a deck and that he had failed to make these repairs (*id.* at ¶ 16). Plaintiff's e-mail also stated that he did not object to starting the repairs but that the costs would be forwarded for payment to defendant (*id.*). Defendant did not reply (*id.*).

Plaintiff commenced this action for breach of contract seeking specific performance to have defendant make the necessary repairs to support a roof deck and further seeks an award for costs, expenses, and attorneys' fees in accordance with the subject agreement.

Defendant argues, *inter alia*, that he performed his obligations under the subject agreement and that plaintiff makes conclusory allegations refuted by documentary evidence. Defendant contends that the subject agreement does not require him to repair the lower roof to support a deck but rather to make structural repairs to create a bulkhead for access to the lower roof according to the plans and specifications referenced in the subject agreement. Defendant contends that not only were the plans and specifications approved by the parties during the contracting of the agreement, but that the plans and specifications were also approved by the DOB, and that the DOB inspection report reflects that the construction was completed according to these plans. Defendant further asserts that plaintiff fails to identify a breach of a particular provision of the agreement because the repairs were performed according to the approved plans and specifications. Finally, defendant argues that he is entitled to attorneys' fees according to the agreement because, if this motion is granted, he is the prevailing party.

Plaintiff argues, *inter alia*, that defendant failed to repair the lower roof to support a deck under the terms of the subject agreement. Plaintiff asserts that reading the subject agreement in its entirety, defendant is obligated to make repairs to support a deck and cannot solely rely on a portion of the subject agreement that sets forth the factual recitations for his obligations. Additionally, plaintiff argues that defendant's alteration agreement does not supersede his responsibility to make the necessary repairs to support a roof deck as required by the subject agreement. Plaintiff further contends that his repair proposal shows that the lower roof has defects, and the DOB inspection report cannot be relied upon to show that the repairs carried out by defendant complied with the subject agreement. Finally, plaintiff argues that defendant should not be awarded attorneys' fees because this matter is not resolved.

Defendant's reply raises several arguments. Defendant argues that plaintiff did not provide his understanding of the subject agreement because the affidavit supporting plaintiff's opposition was attested by plaintiff's personal assistant and business manager who is a non-party to the subject agreement. Defendant asserts that the lower roof repairs: (1) were made before the subject agreement was executed and that plaintiff was fully aware of this when he purchased his unit, (2) plaintiff's cost estimates to repair the lower roof and build a deck exceeds the costs referenced in the building board's minutes, and (3) defendant complied with the approved plans

153502/2021  RONDINONE, UGO vs. MCCLINTOCK, MICHAEL
Motion No. 001

Page 2 of 4

[* 2]

and specifications agreed to by the parties and the DOB. Defendant contends that he complied with the factual recitals and the operative terms of the subject agreement when he submitted plans and specifications for repairs that were approved by the cooperative corporation board and made those repairs. Finally, defendant asserts that the DOB inspection report showed that the completed repairs based on the plans and specifications did not have defects.

On a motion to dismiss under CPLR 3211, the complaint is afforded a liberal construction (see *Leon v Martinez*, 84 NY2d 83, 87 [1994]). The court is required to give the plaintiff "the benefit of every possible inference, and determin[e] only whether the facts as alleged fit within any cognizable legal theory" (*Kolchins v Evolution Mkts, Inc.*, 128 AD3d 47, 57 [1st Dept 2015], *affd* 31 NY3d 100 [2018] [internal quotation marks and citation omitted]). However, "allegations consisting of bare legal conclusions . . . are not entitled to any such consideration" (*Connaughton v Chipotle Mexican Grill, Inc.*, 29 NY3d 137, 141 [2017] [internal quotation marks and citation omitted]). Courts do not consider whether a plaintiff can establish its allegations for deciding a motion to dismiss (see *EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]).

Under CPLR 3211(a)(7), the applicable standard "is whether, within the four corners of the complaint, any cognizable cause of action has been stated" (*Scott v Bell Atl. Corp.*, 282 AD2d 180, 183 [1st Dept 2001], *affd as mod sub nom. Goshen v Mutual Life Ins. Co. of New York*, 98 NY2d 314 [2002]). A plaintiff may submit affidavits for consideration to enhance the pleadings to prevent dismissal (see *M & E 73-75, LLC v 57 Fusion LLC*, 189 AD3d 1, 5 [1st Dept 2020]). Under CPLR 3211(a)(1), dismissal is granted only if documentary evidence conclusively shows a defense to the asserted claims as a matter of law (see *Leon*, 84 NY2d at 88). The defendant has the burden to show that the documentary evidence "resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim" (*Fortis Fin. Servs. v Fimat Futures USA*, 290 AD2d 383, 383 [1st Dept 2002] [internal quotation marks and citation omitted]).

A cause of action for breach of contract requires plaintiff to show the existence of a contract, plaintiff's performance, defendant's breach, and damages (see *Markov v Katt*, 176 AD3d 401, 401-02 [1st Dept 2019]). A cause of action for breach of contract will be dismissed if the plaintiff fails to allege a breach of a specific contractual provision (see *Kraus v Visa Intl. Serv. Assn.*, 304 AD2d 408, 408 [1st Dept 2003]).

Contracts are interpreted according to the parties' intent (see *Donohue v Cuomo*, 38 NY3d 1, 12 [2022]). Contracts are reviewed in their entirety and interpreted "to give effect to its general purpose" (*Matter of Westmoreland Coal Co. v Entech, Inc.*, 100 NY2d 352, 358 [2003] [internal quotation marks and citation omitted]). Words are not viewed in isolation (see *Wachter v Kim*, 82 AD3d 658, 661 [1st Dept 2011]). Thus, when interpreting contracts, courts should not add, remove, or alter the meaning of words or phrases that would create a new contract under the cloak of interpreting the parties' agreement (see *Nomura Home Equity Loan, Inc., Series 2006-FM2 v Nomura Credit & Capital, Inc.*, 30 NY3d 572, 581 [2017]).

Attorneys' fees are not recoverable unless authorized by statute, court rule, or a written agreement between parties (*Flemming v Barnwell Nursing Home & Health Facilities, Inc.*, 15

153502/2021 RONDINONE, UGO vs. MCCLINTOCK, MICHAEL
Motion No. 001

Page 3 of 4

NY3d 375, 379 [2010]). Only a prevailing party is entitled to attorneys' fees and to "prevail, the party seeking attorneys' fees must be successful on the central relief sought" (*49 E. Owners Corp. v 825 Broadway Realty, LLC*, 224 AD3d 493, 493 [1st Dept 2024] [internal quotation marks and citation omitted]).

Here, defendant has not met his burden for dismissal under either CPLR 3211(a)(1) or CPLR 3211(a)(7). The complaint sets forth a cause of action for breach of contract; thus, that branch of defendant's motion seeking dismissal pursuant to CPLR 3211(a)(7) is denied. Moreover, contrary to defendant's assertion, both the language of the subject agreement and the cooperative board minutes reference building a deck upon completion of repairs so that the lower roof is usable. The DOB certificate relied on by defendant does not conclusively resolve factual issues of whether the repairs are sufficient to support a deck. Accordingly, defendant has not met his burden in demonstrating that dismissal of the complaint is appropriate at this stage in the litigation. Defendant's request for attorneys' fees is denied. Therefore, it is hereby

**ORDERED** that defendant's motion dismiss, pursuant to CPLR 3211(a)(1) and (a)(7), is denied; and it is further

**ORDERED** that, within twenty (20) days from entry of this order, defendant shall serve a copy of this order with notice of entry upon the Clerk of the General Clerk's Office (60 Centre Street, Room 119); and it is further

**ORDERED** that defendant is directed to serve an answer to the complaint within twenty (20) days after service of a copy of this order with notice of entry; and it is further

**ORDERED** that such service upon the Clerk shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh).

This constitutes the decision and order of the court.

___**June 26, 2024**___

HON. VERNA L. SAUNDERS, JSC

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**153502/2021 RONDINONE, UGO vs. MCCLINTOCK, MICHAEL**
Motion No. 001

Page 4 of 4