People v Clark (2024 NY Slip Op 05156)

People v Clark

2024 NY Slip Op 05156

Decided on October 17, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 17, 2024

112793 113208
[*1]The People of the State of New York, Respondent,
v
Richard J. Clark Jr., Appellant.

Calendar Date:September 10, 2024

Before:Egan Jr., J.P., Pritzker, Lynch, McShan and Powers, JJ.

Hacker Murphy LLP, Troy (Alishah Bhimani of counsel), for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Jaime A. Douthat of counsel), for respondent.

Egan Jr., J.P.
Appeals (1) from a judgment of the County Court of Clinton County (William A. Favreau, J.), rendered April 11, 2019, upon a verdict convicting defendant of the crimes of predatory sexual assault against a child (two counts), rape in the second degree, criminal sexual act in the second degree (four counts), endangering the welfare of a child and course of sexual conduct against a child in the second degree, and (2) by permission, from an order of said court, entered August 12, 2021, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
In 2017, a criminal investigation commenced after a victim disclosed during therapy sessions a history of sexual molestation by defendant. The investigation resulted in defendant's arrest and, in May 2018, he was charged in a nine-count indictment with two counts of predatory sexual assault against a child, rape in the second degree, four counts criminal sexual act in the second degree, endangering the welfare of a child and course of sexual conduct against a child in the second degree. Eight of the nine charges related to his conduct toward a first victim — namely, abuse that occurred during a period between 2007 and 2014 when defendant lived in the same residence with the first victim and ongoing conduct injurious to the first victim's welfare that ceased in 2017 — while the charge of course of sexual conduct against a child in the second degree related to his molestation of a second victim who was a childhood friend of the first and had slept over at their residence on multiple occasions in 2012 and 2013. Following a November 2018 jury trial, defendant was convicted as charged. County Court sentenced defendant to concurrent prison terms on the convictions relating to the first victim that amounted to 20 years to life in prison, as well as a consecutive prison term of seven years, to be followed by 10 years of postrelease supervision, for the course of sexual conduct conviction related to the second victim. Defendant thereafter moved to vacate the judgment of conviction in 2021, and County Court denied that motion without a hearing. Defendant appeals from the judgment of conviction and, by permission, the denial of his CPL 440.10 motion.
We affirm. Defendant raises issues solely relating to the denial of his CPL 440.10 motion in his brief, arguing that County Court should have granted the motion outright or, at a minimum, conducted a hearing to assess the merits of his claims. Defendant argued, in particular, that he received the ineffective assistance of counsel (see CPL 440.10 [1] [h]) and that new evidence had been discovered "which could not have been produced by the defendant at the trial even with due diligence on his part and which is of such character as to create a probability that had such evidence been received at the trial the verdict would have been more favorable to the defendant" (CPL 440.10 [1] [g]). "On a motion to vacate a judgment of conviction [*2]under CPL 440.10, a hearing is only required if the submissions show that the nonrecord facts sought to be established are material and would entitle the defendant to relief. Furthermore, a court may deny a vacatur motion without a hearing if it is based on the defendant's self-serving claims that are contradicted by the record or unsupported by any other evidence" (People v Johnson, 221 AD3d 1172, 1175-1176 [3d Dept 2023] [internal quotation marks and citations omitted], lv denied 41 NY3d 965 [2024]; see People v Wright, 27 NY3d 516, 520 [2016]; People v Durham, 195 AD3d 1318, 1320 [3d Dept 2021], lv denied 37 NY3d 1160 [2022]).
With regard to defendant's ineffective assistance claim, trial counsel pursued a strategy at trial of raising doubts as to whether the alleged abuse had occurred, arguing that the first victim's mother was angry with defendant and had manipulated both victims into making false allegations of abuse against him. The trial record demonstrates that trial counsel capably advanced that strategy. Trial counsel placed defendant's version of events before the jury by offering no objection to a videotaped interview of defendant by investigators — in which defendant denied abusing the first victim and raised his concerns about the animosity of the first victim's mother toward him — and ensuring that the jury watched the entire recording. Trial counsel also pointed out that the claims emerged long after the alleged abuse had ceased and that there was no physical evidence corroborating them, then proceeded to cross-examine the first victim's mother and the victims themselves to elicit testimony that undermined their credibility and supported defendant's account of events. For instance, trial counsel drew out from the first victim's mother that she was "very angry" with defendant before the allegations of abuse were made. Trial counsel elicited testimony that the first victim never warned the second victim about defendant's behavior or told her not to sleep over while the first victim was residing with defendant, that the first victim remained close to defendant both during and after the abuse, and that the first victim even wanted to move back in with defendant and live alone with him after the abuse had ceased. Trial counsel further elicited testimony from the second victim that she never heard anything happening between the first victim and defendant during her overnight visits to their residence, that she continued to sleep over there for months after defendant purportedly began abusing her, and that she failed to disclose that abuse until several years after it had ceased.
Defendant argues that trial counsel could have furthered the foregoing strategy more effectively in a variety of ways. Defendant suggests, for example, that trial counsel could have cross-examined the first victim's therapist regarding the credibility of the first victim or avoided cross-examination of others that, while apparently aimed at showing how little [*3]the victims remembered as to when the abuse occurred, elicited details as to when it could have occurred. Defendant further complains that trial counsel did not utilize text messages and other material provided to him regarding defendant's close relationship with the first victim and defendant's poor relationship with the first victim's mother, as well as that trial counsel failed to present expert testimony regarding a head injury that the first victim had sustained that might have caused distorted or false memories of what had occurred between the first victim and defendant. Defendant notably failed to demonstrate the lack of any strategic or legitimate explanation for those choices, however, and the record gives no reason to believe that trial counsel's failure to make them interfered with an otherwise capable defense. To put it simply, disagreement with the way trial counsel executed a defense strategy does not equate to ineffective assistance, and we are unable to conclude that trial counsel's conduct here was "unreasonable in light of the evidence and circumstances or completely devoid of merit, and counsel's efforts should not be second-guessed with the clarity of hindsight to determine how the defense might have been more effective" (People v Cole, 217 AD3d 1185, 1187 [3d Dept 2023] [internal quotation marks and citations omitted]; see People v Benevento, 91 NY2d 708, 712-713 [1998]).
Defendant's remaining claims of ineffective assistance relate to trial counsel's supposed failure to alert him to certain information, and they are no more persuasive. For instance, defendant averred that trial counsel never explained the charges against him, but no hearing was required to assess the merits of that claim because it is directly contradicted by the statements of both defendant and trial counsel at defendant's arraignment (see CPL 440.30 [4] [d]). Similarly, while defendant averred that trial counsel failed to advise him of any plea offers from the People, he also admitted that trial counsel told him that there probably would not be any, and a hearing is not warranted because the record shows that there were none. The People advised County Court prior to trial that they had no intention of making an offer because defendant insisted that he would only plead guilty to a misdemeanor, in fact, and defendant gave no reason to believe that such representation was false.[FN1] Finally, defendant averred that trial counsel failed in his "duty to advise the defendant of his . . . right to testify" at trial (People v Cosby, 82 AD3d 63, 66 [4th Dept 2011], lv denied 16 NY3d 857 [2011]), but that claim is not corroborated by any other evidence. The trial record leaves little doubt that defendant's decision not to testify was a strategic one, as trial counsel had already ensured that the videotaped statement to investigators in which defendant gave his account of events was played to the jury in its entirety, and putting defendant on the stand to reiterate that [*4]account would have done little beyond exposing him to hostile cross-examination by the People. Indeed, defendant notably fails to claim that he would have testified had he been advised of his right to testify. In short, as defendant's allegation is unsupported by any other proof and there is no reasonable possibility that it is true given the circumstances of this case, County Court was free to reject it without a hearing (see CPL 440.30 [4] [d]; cf. People v Mirabella, 187 AD3d 1589, 1590 [4th Dept 2020], lv dismissed 36 NY3d 930 [2020]). There were accordingly no issues of even questionable merit on the issue of ineffective assistance that would warrant a hearing.
Turning briefly to defendant's claim of newly discovered evidence, defendant presented the affidavit of a psychologist who would have opined at trial, among other things, that there were factual grounds for questioning both victims' claims of abuse and that a head injury suffered by the first victim might have contributed to false memories of abuse. County Court properly concluded that this did not constitute newly discovered evidence within the meaning of CPL 440.10 (1) (g), not only because the psychologist's claims were primarily aimed at impeaching the testimony of the first victim, but also because it could have been produced before trial with due diligence and because, in view of the testimony of the second victim, it was unlikely to change the result if a new trial were granted (see People v Kot, 126 AD3d 1022, 1026-1027 [3d Dept 2015], lv denied 25 NY3d 1203 [2015]; People v Ulrich, 265 AD2d 884, 885 [4th Dept 1999], lv dismissed 94 NY2d 799 [1999]; cf. People v Werkheiser, 208 AD3d 1474, 1475-1477 [3d Dept 2022]). Thus, County Court properly rejected that claim as well without a hearing, and denial of the entire motion was warranted.
Defendant's remaining claims, to the extent not addressed above, have been examined and are lacking in merit.
Pritzker, Lynch, McShan and Powers, JJ., concur.
ORDERED that the judgment and the order are affirmed.

Footnotes

Footnote 1: Defendant also suggests that, in addition to failing to tell him about nonexistent plea offers, trial counsel failed to tell him about the possibility of a bench trial. Defendant only made the vague claim that trial counsel failed to discuss "trial strategy" with him in his motion affidavit, however, and the argument regarding a bench trial was properly rejected as a result because the motion lacked "sworn allegations substantiating or tending to substantiate all the essential facts" (CPL 440.30 [4] [b]).